FILED

2014 MAY -2  A II: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| HILL-ROM COMPANY, INC., ) | |
| HILL-ROM SERVICES, INC., and ) | |
| HILL-ROM MANUFACTURING, INC. ) | |
| ) | **COMPLAINT AND** |
| Plaintiffs, ) | **JURY DEMAND** |
| ) | |
| v. ) | |
| ) | Case No. 2:14CV187 |
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiffs Hill-Rom Company, Inc. ("HRC"), Hill-Rom Manufacturing, Inc. ("HRM") and Hill-Rom Services, Inc. ("HRS" and, collectively with HRC and HRM, "Hill-Rom"), by their attorneys, for their Complaint against Defendant General Electric Company ("GE"), state as follows:

### NATURE OF THE ACTION

1. This action is brought to redress GE's infringement of patents owned by Hill-Rom. In particular, GE has manufactured, marketed, offered to sell and sold systems for monitoring compliance with hand hygiene protocols that hospitals and healthcare facilities have developed for their caregivers. Such systems were invented by Hill-Rom over fifteen years ago and have been awarded patents by the United States Patent and Trademark Office. Notwithstanding Hill-Rom's patents, GE developed an infringing system and is actively marketing that system to Hill-Rom's customers. Hill-Rom seeks damages and injunctive relief to address GE's infringement.

## PARTIES AND JURISDICTION

2. HRC, HRM, and HRS are each corporations organized and existing under the laws of the state of Indiana, with their respective principal place of business at 1069 State Route 46 East, Batesville, Indiana 47006. Under license from HRS, HRM manufactures Hill-Rom products, and HRC sells and distributes Hill-Rom products.

3. Hill-Rom has been a leading worldwide manufacturer and provider of medical technologies and related services for the health care industry for over 80 years. Hill-Rom was one of the earliest innovators in the field of hand hygiene monitoring for hospitals and care facilities, and has maintained a robust intellectual property portfolio covering that technology for the past decade.

4. Upon information and belief, GE Healthcare ("GEH") is an operating division of GE. GE is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut, 06828. GE entered the real-time locating system ("RTLS") market by acquiring Agility Healthcare Solutions, a developer of the underlying RTLS-based technology for the infringing systems that are the subject of this Complaint. Upon information and belief, GE maintains its RTLS operations, including its hand hygiene operations relevant here, at 4701 Cox Road, Suite 300, Glen Allen, Virginia, 23059. GE's registered agent for the Commonwealth of Virginia is located at the same address.

5. This action arises under the United States patent laws, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over GE because GE does business in the State of Virginia, including in this judicial district, and markets and sells its products, including those at issue in this Complaint, in this judicial district. Furthermore, upon information and belief, GE's infringing activities are deliberately directed to the Commonwealth of Virginia and within this district and have created continuous obligations between itself and the residents of the Commonwealth of Virginia and this district. Thus, GE has purposefully availed itself of the benefits of the Commonwealth of Virginia and this district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and actions giving rise to the claims occurred in this jurisdiction and because GE or its agents are subject to personal jurisdiction in this jurisdiction.

## THE PATENTS-IN-SUIT

8. Hill-Rom has been an innovator in the hand hygiene field for at least fifteen years. Among other intellectual property, Hill-Rom has maintained a patent family directed to methods and systems for monitoring hand hygiene compliance dating back to at least 1999.

9. On April 27, 2004, U.S. Patent No. 6,727,818 ("the '818 Patent") entitled "Hygiene Monitoring System," was duly and legally issued to Timothy Wildman, Dennis Gallant, and Phillip Hausman. A true and correct copy of the '818 Patent is attached to this Complaint as Exhibit A.

10. HRS is the owner by assignment of all legal rights, title, and interest in and to the '818 Patent. Pursuant to license, HRM is the sole manufacturer of Hill-Rom systems embodying the inventions of the '818 Patent and HRC is the sole distributor of Hill-Rom systems embodying the inventions of the '818 Patent.

11. On February 5, 2013, U.S. Patent No. 8,368,544 ("the '544 Patent") entitled "Hygiene Monitoring System," was duly and legally issued to Timothy Wildman, Dennis Gallant, and Phillip Hausman. A true and correct copy of the '544 Patent is attached to this Complaint as Exhibit B.

12. HRS is the owner by assignment of all legal rights, title, and interest in and to the '544 Patent. Pursuant to license, HRM is the sole manufacturer of Hill-Rom systems embodying the inventions of the '544 Patent and HRC is the sole distributor of Hill-Rom systems embodying the inventions of the '544 Patent.

13. On August 5, 2008, U.S. Patent No. 7,408,470 ("the '470 Patent" and, collectively with the '818 Patent and the '544 Patent, "Patents in Suit") entitled "Hygiene Monitoring System," was duly and legally issued to Timothy Wildman, Dennis Gallant, and Phillip Hausman. A true and correct copy of the '470 Patent is attached to this Complaint as Exhibit C.

14. HRS is the owner by assignment of all legal rights, title, and interest in and to the '470 Patent. Pursuant to license, HRM is the sole manufacturer of Hill-Rom systems embodying the inventions of the '470 Patent and HRC is the sole distributor of Hill-Rom systems embodying the inventions of the '470 Patent.

## COUNT I

### Infringement of U.S. Patent No. 6,727,818

15. Hill-Rom realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

16. Upon information and belief, GE has infringed and continues to infringe at least claims 1-3, 6, 12-15, 37, 43-45, 47-48, 52, and 56 of the '818 patent ("the '818 Asserted Claims") by, without Hill-Rom's authority, making, using, selling, or offering to sell hand

hygiene systems that embody the patented inventions of the '818 Patent, and will continue to do so unless enjoined by this Court.

17. GEH has developed, manufactured, sold and offered for sale a hand hygiene monitoring system known as AgileTrac™ Hand Hygiene ("the GEH system"). The system includes a network of hardware components that communicate via infrared and radio frequency signals and a master station containing AgileTrac™ Hand Hygiene software ("the GEH software"). The GEH software aggregates information received from the network of hardware components and generates reports of compliance or non-compliance with a handwashing protocol.

18. The '818 Asserted Claims are directed to systems and methods for monitoring compliance with a hand hygiene protocol. Of the method Asserted Claims, claims 1-3, 6, and 12-15 each require the steps of (1) receiving first location information which tracks movement of a person through a facility and (2) handwashing information associated with attempts by the person to wash her hands; (3) determining, based upon the first location information and the handwashing information received during the receiving step, whether a person who has entered a patient contact zone has washed her hands since her most recent exposure to a contamination zone other than her current exposure to the patient contact zone; and (4) updating compliance information for the person based upon the determining step.

19. The GEH system performs each step of these method claims of the '818 Patent. The GEH software receives information from a series of room locators about the location of a caregiver as he or she moves throughout the hospital; receives handwashing information from a handwashing monitoring sensor; determines whether a caregiver has washed his or her hands since entering a patient room; and updates compliance information for that caregiver.

20. Claim 37 requires the steps of (1) determining whether a person who has been contaminated due to exposure to a contamination zone has left the contamination zone; (2) determining whether the person has washed her hands within a trigger time since leaving the contamination zone; and (3) updating status information associated with the person to indicate that the person is compliant if the person who has been contaminated due to exposure to the contamination zone has left the contamination zone and the person has washed her hands within the trigger time since leaving the contamination zone.

21. The GEH system performs each step of claim 37. The GEH software determines whether a person who is entering a patient room from a hallway, other patient room, or other contamination zone has left that contamination zone; determines whether the person has washed his or her hands within a preset period of time; and updates compliance information for that caregiver.

22. The system Asserted Claims, 43-45, 47-48, 52 and 56, each require (1) a master station; (2) a plurality of first sensors operable to track movement of a person through a facility, and provide the master station with location information associated with the movement of the person; and (2) a plurality of second sensors operable to provide the master station with handwashing information associated with attempts by the person to wash her hands. The master station is operable to (1) determine based upon the location information whether the person has entered a patient contact zone, (2) determine based upon the location information and the handwashing information whether the person washed her hands since her most recent exposure to a contamination zone other than her current exposure to the patient contact zone, and (3) update compliance information for the person based upon whether the person has entered a

patient contact zone and whether the person washed her hands since her most recent exposure to a contamination zone other than her current exposure to the patient contact zone.

23. The GEH system infringes the '818 Patent in that, among other things, the GEH system has a master station with software that determines whether someone has entered a patient room and whether the person has washed his or her hands within a preset period of time, and updates information about the caregiver's compliance. The GEH system has readers located throughout the facility that contain sensors to receive location information as a person moves through the facility. The system also has sensors that monitor each soap or alcohol dispenser to track handwashing attempts by a person.

24. The GEH system has each and every element of the '818 Asserted Claims pertaining to systems, and GEH directly infringes the system claims by manufacturing, selling, and offering for sale the GEH system.

25. GEH also indirectly infringes, by both contributory infringement of, and actively inducing others to infringe, the '818 Asserted Claims pertaining to methods. GEH's customers directly infringe the '818 method Asserted Claims by using the GEH system. GEH induces this infringement by providing the system and instructing its customers to use the system for monitoring hand hygiene in an infringing manner. GEH has acknowledged its awareness of the '818 Patent on several occasions. Further, GEH contributorily infringes the '818 Patent. On information and belief, because of its knowledge of the '818 Patent, GEH knows, or should know, that its system is especially adapted to infringement of the '818 Patent and that the GEH system is used only in infringing methods of monitoring hand hygiene compliance, and has no substantial non-infringing uses.

26. Upon information and belief, GE has had actual knowledge of the '818 Patent since before this lawsuit was filed, and has continued its infringement unabated. Such willful and deliberate infringement justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

27. Upon information and belief, GEH has caused or will cause, by its infringing conduct, irreparable harm to Hill-Rom for which there is no adequate remedy at law. As a result of GEH's actions, Hill-Rom has suffered and continues to suffer substantial injury, including irreparable harm and damages including loss of sales and profits that Hill-Rom would have made but for the infringement by GEH.

## COUNT II

### Infringement of U.S. Patent No. 8,368,544

28. Hill-Rom realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

29. Upon information and belief, GE has infringed and continues to infringe at least claims 1, 5, and 13-14 of the '544 Patent ("the '544 Asserted Claims") by, without Hill-Rom's authority, making, using, selling, or offering to sell certain hand hygiene systems that embody the patented inventions of the '544 Patent, and will continue to do so unless enjoined by this Court.

30. The '544 Asserted Claims are directed to systems for monitoring compliance with a hand hygiene protocol. The independent claim requires (1) a sensor associated with a handwashing device positioned in a facility and configured to detect the presence of a person in a handwashing monitoring area, (2) a badge configured to transmit an identification signal to the

sensor, the identification signal being associated with a person, (3) a handwashing monitoring device operably coupled to the handwashing device, the handwashing monitoring device being configured to generate a compliance signal indicative of whether the person has or has not used the handwashing device, (4) a network, the sensor and the handwashing device being operably coupled to the network, and (5) a master station operably coupled to the network, the master station including memory and a processor, the master station being configured to receive via the network a combined signal including information indicating that an identification signal from the badge has been received by the sensor and information indicating that a compliance signal has been generated by the handwashing monitoring device, the master station being configured to determine whether the person is or is not in compliance with a handwashing policy of the facility.

31.     The GEH system has each of these elements. The GEH system includes readers located throughout the facility that contain sensors to receive handwashing information; badges; a unique identification signal going from the badges to a reader; a handwashing monitoring device; an actuation (compliance) signal from the monitoring device; a hospital network; and a master station containing AgileTrac™ Hand Hygiene software that aggregates the compliance information and generates reports of compliance or non-compliance with the facility's hand hygiene policy.

32.     The GEH system meets each and every limitation of the '544 Asserted Claims, and GE directly infringes the system claims by manufacturing, selling, and offering for sale the GEH system.

33.     Upon information and belief, as of at least the date of filing of this complaint, GE's continuing infringement of the '544 Patent is willful and deliberate.

34. Upon information and belief, GEH has caused or will cause, by its infringing conduct, irreparable harm to Hill-Rom for which there is no adequate remedy at law. As a result of GEH's actions, Hill-Rom has suffered and continues to suffer substantial injury, including irreparable harm and damages including loss of sales and profits that Hill-Rom would have made but for the infringement by GEH.

## COUNT III

### Infringement of U.S. Patent No. 7,408,470

35. Hill-Rom realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

36. Upon information and belief, GE has infringed and continues to infringe at least claims 15-16 and 19 of the '470 Patent ("the '470 Asserted Claims") by, without Hill-Rom's authority, making, using, selling, or offering to sell certain hand hygiene systems that embody the patented invention of the '470 Patent, and will continue to do so unless enjoined by this Court.

37. The '470 Asserted Claims are directed to computer readable media storing computer programs comprising instructions for monitoring hygiene to (1) access a predetermined hygiene policy, (2) receive usage information indicative of use of a cleaning device to clean an item, (3) receive identification information uniquely identifying an item, (4) receive location information indicative of a location of an item, (5) receive contact information indicative of an instance of contact between a first item and a second item, (6) evaluate the usage information, identification information, location information, and contact information to detect compliance or non-compliance with the hygiene policy, and (7) generate an output indicative of such compliance or non-compliance.

38. The GEH software performs each of the steps listed in the '470 Asserted Claims and, on information and belief, thereby contains the computer readable media claimed in the '470 Patent. The GEH software accesses a hygiene policy of a facility; receives information about the usage of a soap or alcohol dispenser; receives information identifying a particular caregiver from a badge; receives information about the location of the caregiver from a room locator; receives information about the caregiver's contact with a cleaning device when the caregiver actuates the dispenser; evaluates the information to determine compliance or non-compliance with the facility's hand hygiene policy; and generates a report of compliance or non-compliance with the facility's policy.

39. The GEH software meets each and every limitation of the '470 Asserted Claims, and GEH directly infringes the claims by manufacturing, selling, and offering for sale the GEH software.

40. Upon information and belief, as of at least the date of filing of this complaint, GE's continuing infringement of the '470 Patent is willful and deliberate.

41. Upon information and belief, GEH has caused or will cause, by its infringing conduct, irreparable harm to Hill-Rom for which there is no adequate remedy at law. As a result of GEH's actions, Hill-Rom has suffered and continues to suffer substantial injury, including irreparable harm and damages including loss of sales and profits that Hill-Rom would have made but for the infringement by GEH.

## PRAYER FOR RELIEF

WHEREFORE, Hill-Rom requests that judgment be granted in its favor and against GE and that this Court award it the following relief:

(a) Enter judgment that GEH has infringed the '818 Patent, the '544 Patent, and the '470 Patent;

(b) Permanently and preliminarily enjoin GEH and its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the Order, from manufacturing, using, selling and/or offering for sale products which infringe the Patents in Suit;

(c) Enter judgment and issue an Order requiring GEH to pay damages to Hill-Rom under 35 U.S.C. § 284, together with costs and prejudgment and post-judgment interest;

(d) Enter judgment that GEH's infringement was willful and issue an Order requiring GEH to pay treble damages pursuant to 35 U.S.C. § 284;

(e) Adjudge and decree this case exceptional under 35 U.S.C. § 285 and award Hill-Rom its costs and reasonable attorneys' fees; and

(f) An award of any other relief, in law and in equity, to which the Court finds Hill-Rom is justly entitled.

## JURY DEMAND

Hill-Rom hereby demands a trial by jury on all issues as to which jury trial by jury is appropriate.

May 2, 2013

J. Michael Showalter (VSB No. 72272)
Stacie R. Hartman (*Pro hac vice* pending)
A. Taylor Corbitt (*Pro hac vice* pending)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
312-258-5500 tel.
312-258-5600 fax
shartman@schiffhardin.com

Stephen M. Hankins (*Pro hac vice* pending)
One Market
Spear Street Tower, Thirty-Second Floor
San Francisco, CA 94105
415-901-8700 tel.
415-901-8701 fax
shankins@schiffhardin.com

Samuel D. Almon (*Pro hac vice* pending)
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, Georgia 30309
404-437-7000 tel.
404-437-7100 fax
salmon@schiffhardin.com

**Counsel for Plaintiffs
HILL-ROM COMPANY, INC., HILL-ROM
SERVICES, INC., and HILL-ROM
MANUFACTURING, INC.**