IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| HILL-ROM COMPANY, INC., HILL-ROM SERVICES, INC., AND HILL-ROM MANUFACTURING, INC., <br><br>            Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, <br><br>            Defendant. | Case No. <u>2:14-CV-187 RGD-LRL</u> <br> (Hon. Robert G. Doumar) <br><br> JURY TRIAL DEMANDED |

**<u>GENERAL ELECTRIC COMPANY'S BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Robert M. Tata (VSB #30101)
Wendy C. McGraw (VSB #37880)
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
Norfolk, VA   23510
(757) 640-5300
(757) 625-7720 *fax*
btata@hunton.com
wmcgraw@hunton.com

David J. Lender (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY   10152
(212) 310-8000
(202) 833-3035 *fax*
david.lender@weil.com

Brian E. Ferguson (*pro hac vice*)
Robert T. Vlasis, III (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC   20005
(202) 682-7000
(202) 867-0940 *fax*
brian.ferguson@weil.com
robert.vlasis@weil.com

*Attorneys for Defendant General Electric Co.*

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................ 2

III. LEGAL STANDARD ........................................................................................................ 3

IV. THE FACTS ALLEGED IN THE COMPLAINT PRECLUDE THE POSSIBILITY THAT HRM AND HRC HAVE STANDING AS A MATTER OF LAW. ................................................................................................................................. 5

    A. Plaintiffs' Assertion That HRS Possesses All Legal Rights To The Asserted Patents Eliminates The Possibility That Either HRC Or HRM Have Standing ............................................................................................................ 5

    B. Plaintiffs' Allegation That HRM and HRC Have "Sole" Rights To Manufacture And Distribute Hill-Rom Products Embodying The Patents Is Insufficient To Confer Standing .............................................................................. 6

V. THE COURT SHOULD DISMISS THE ENTIRE COMPLAINT, AS GE CANNOT DETERMINE WHICH ALLEGATIONS ARE ATTRIBUTABLE TO HRS ..................................................................................................................................... 9

VI. CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Heinz Kettler GMBH & Co. v. Razor USA, LLC*,
    750 F. Supp. 2d 660 (E.D. Va. 2010) ...................................................................................7, 8

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
    248 F.3d 1333 (Fed. Cir. 2001)....................................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994).....................................................................................................................4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).....................................................................................................................3

*Mitutoyo Corp. v. Cent. Purchasing*,
    LLC, 499 F.3d 1284 (Fed. Cir. 2007) ...............................................................................5, 6, 7, 8

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)...........................................................................................3, 5, 8

*Pfizer Inc. v. Teva Pharm. USA, Inc.*,
    803 F. Supp. 2d 409 *amended*, 803 F. Supp. 2d 464 (E.D. Va. 2011) .......................................4

*Qimonda AG v. LSI Corp.*,
    857 F. Supp. 2d 570 (E.D. Va. 2012) ......................................................................................4, 8

*Sicom Sys., Ltd. v. Agilent Technologies, Inc.*,
    427 F.3d 971 (Fed. Cir. 2005)......................................................................................................3

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
    620 F.3d 1305 (Fed. Cir. 2010)....................................................................................................4

*Warth v. Seldin*,
    422 U.S. 490, 95 S. Ct. 2197 (1975)............................................................................................4

*WiAV Solutions LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)................................................................................................3, 5

*WiAV Solutions LLC v. Motorola, Inc.*,
    679 F. Supp. 2d 639 (E.D. Va. 2009) .........................................................................................4

*Williams v. United States*,
    50 F.3d 299 (4th Cir. 1995) .........................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)..................................................................................................1, 4, 9

Rule 12(b)(6)........................................................................................................................8

Defendant General Electric Company ("GE") submits this brief in support of its Motion to Dismiss the Complaint of Plaintiffs Hill-Rom Manufacturing, Inc. and Hill-Rom Company, Inc. for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The undisputed facts as alleged in the Complaint demonstrate that neither Plaintiff has standing in this suit. Because the Complaint does not distinguish between the Plaintiffs with respect to the allegations made therein, the entire Complaint should be dismissed.

I.  INTRODUCTION

There are three Plaintiffs in this patent infringement action— Hill-Rom Manufacturing, Inc. ("HRM"), Hill-Rom Company, Inc. ("HRC"), and Hill-Rom Services, Inc. ("HRS"). Each of these corporations is a distinct legal entity that must independently satisfy the requirements for subject matter jurisdiction—including standing under Article III of the Constitution—in order for this Court to hear their respective claims. The Complaint, however, not only fails to establish that this Court has jurisdiction over the claims of two of the three Plaintiffs, it alleges facts that *preclude* standing for these two Plaintiffs.

Because the causes of action alleged in the Complaint are for patent infringement, each Plaintiff bears the burden of showing that it has standing to enforce the Asserted Patents. To do so, each Plaintiff must establish that it has a property interest in each asserted patent—that is, that it wholly controls at least one portion of the bundle of rights that together make up the rights granted by the Patent Act. Rather than making such a showing, however, the Complaint does precisely the opposite; it unambiguously asserts that *all* property rights to the Asserted Patents belong only to HRS. In so doing, the facts as alleged in the Complaint eliminate the possibility that either HRM or HRC have standing to participate in this action. The subsequent allegations in the Complaint regarding HRM's and HRC's supposed licenses to the Patents-in-Suit neither

outweigh the unambiguous assertion that HRS owns all legal rights and interest in the patents, nor are sufficient on their own to establish the existence of the property interest required for standing. Consequently, neither HRM nor HRC have standing to enforce the Asserted Patents, and this Court should dismiss both of them from the suit.

Further, because the three named Plaintiffs are bundled together and generically referred to throughout the allegations in the Complaint as simply "Hill-Rom," it is impossible to attribute any particular allegation to a particular Plaintiff, particularly with respect to the allegations of damages and irreparable harm. As a result, GE cannot meaningfully respond to the allegations in the complaint, and therefore respectfully requests that the Court dismiss the Complaint in its entirety.[1]

## II.   STATEMENT OF FACTS

HRC, HRM, and HRS initiated this action on May 2, 2014 by jointly filing a Complaint alleging patent infringement by GE ("the Complaint"). The Complaint asserted that GE had infringed three patents: U.S. Patent No. 6,727,818 ("the '818 Patent"), U.S. Patent No. 8,368,544 ("the '544 Patent"), and U.S. Patent No. 7,408,470 ("the '470 Patent") (collectively, "the Asserted Patents"). *See* Compl., Counts I-III. The Complaint stated that Plaintiffs HRC, HRM, and HRS are "each corporations organized under the laws of Indiana." *Id.*, ¶ 2.

Of the 41 paragraphs in the Complaint, only four relate to the relationship between the Plaintiffs and the Asserted Patents—Paragraphs 2, 10, 12, and 14. Paragraph 2 states in relevant part: "Under license from HRS, HRM manufactures Hill-Rom products, and HRC sells and distributes Hill-Rom products." *Id.*, ¶ 2. Paragraph 10, in full, states that:

---

[1]   Counsel for GE contacted counsel for Plaintiffs to discuss the issue of plaintiffs' standing and obtain additional information from Plaintiffs regarding the same, but the parties were unable to reach a resolution prior to GE's deadline for responding to the Complaint.

> HRS is the owner by assignment of all legal rights, title, and interest in and to the '818 Patent. Pursuant to license, HRM is the sole manufacturer of Hill-Rom systems embodying the inventions of the '818 Patent and HRC is the sole distributor of Hill-Rom systems embodying the inventions of the '818 Patent.

*Id.*, ¶ 10. Paragraphs 12 and 14 recite identical allegations with respect to the '544 and '470 Patents, respectively.

### III. LEGAL STANDARD

To establish standing under Article III of the Constitution, a plaintiff must demonstrate the existence of "an injury in fact." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In the context of patent infringement, a party suffers such an injury only "if that party has a legally protected interest in the patent created by the Patent Act, so that it can be said to suffer legal injury from the act of infringement." *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010).

Only parties that either (1) own all substantial rights to a patent, or (2) possess the right to exclude others from practicing the patent, possess a legally protected interest sufficient to confer standing. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339-1340 (Fed. Cir. 2007) (establishing two categories for those who may enforce a patent: those who "hold all legal rights to the patent," and those who hold "exclusionary rights and interests created by the patent statutes, but not all substantial rights to the patent"). Parties in the second category—those who may exclude others but possess less than all substantial rights—are termed "exclusive licensees" and may join a suit only with the patent owner. *Morrow*, 499 F.3d at 1340. A party that has a license but lacks the right to exclude others, however, is merely a non-exclusive licensee, and may not act as a plaintiff in a patent infringement action under any circumstances. *See Sicom Sys., Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with

the patentee because a nonexclusive licensee suffers no legal injury from infringement."); *see also Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317 (Fed. Cir. 2010) ("It is well-settled that only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit; a non-exclusive licensee does not." (internal quotations omitted)).

Because Federal Courts are courts of limited jurisdiction, subject matter jurisdiction is presumed to be absent. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This presumption applies equally at the pleading stage. *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 2215 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."). Accordingly, the plaintiff "bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)."[2] *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *see also Qimonda AG v. LSI Corp.*, 857 F. Supp. 2d 570, 573 (E.D. Va. 2012) ("The burden of proving subject matter jurisdiction in response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff.") In patent cases, "[t]he party asserting the infringement has the burden to prove that it has standing to do so." *Pfizer Inc. v. Teva Pharm. USA, Inc.*, 803 F. Supp. 2d 409, 422 *amended*, 803 F. Supp. 2d 464 (E.D. Va. 2011).

---

[2] A motion to dismiss brought under Fed. R. Civ. P. 12(b)(1) is a proper means of addressing a lack of standing. *WiAV Solutions LLC v. Motorola, Inc.*, 679 F. Supp. 2d 639, 645 (E.D. Va. 2009).

4

IV. **THE FACTS ALLEGED IN THE COMPLAINT PRECLUDE THE POSSIBILITY THAT HRM AND HRC HAVE STANDING AS A MATTER OF LAW.**

A. **Plaintiffs' Assertion That HRS Possesses All Legal Rights To The Asserted Patents Eliminates The Possibility That Either HRC Or HRM Have Standing**

As the Federal Circuit has made clear, a patent is a "bundle of rights which may be divided and assigned, or retained in whole or in part." *See, e.g.*, *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001); *Morrow*, 499 F.3d at 1341, n. 8. Here, the Plaintiffs have unambiguously declared that HRS has retained the entire bundle. The Plaintiffs asserted that HRS is the "owner by assignment of *all legal rights, title, and interest*" to each one of the Asserted Patents. *See* Comp. ¶¶ 10, 12, 14 (emphasis added). If HRS owns "*all* legal rights, title and interest" to the Asserted Patents, then neither HRC or HRM possess any "legally protected interest" in the Asserted Patents that the Federal Circuit has established as a baseline requirement for constitutional standing. *See WiAV Solutions LLC*, 631 F.3d at 1264; *Morrow*, 499 F.3d at 1340 ("When a party holds all rights or all substantial rights, it *alone* has standing to sue for infringement." (emphasis added)); *Mitutoyo Corp. v. Cent. Purchasing*, LLC, 499 F.3d 1284, 1291 (Fed. Cir. 2007) ("In order for a licensee to have co-plaintiff standing, it must hold at least some of the proprietary rights under the patent."). Taking the factual allegations in the Complaint to be true, standing for HRC and HRM is therefore impossible.

This is not, therefore, a case where the Plaintiffs have simply failed to plead facts sufficient to establish standing—although dismissal would be appropriate in such circumstances as well. On the contrary, the Plaintiffs here have affirmatively pled facts that foreclose the possibility of subject matter jurisdiction for two of the three Plaintiffs. By alleging that HRS owns all legal right and interest to the Asserted Patents, HRM and HRC have disclaimed any

5

property interest in the Asserted Patents and, consequently, have disclaimed standing to enforce them. This Court therefore lacks subject matter jurisdiction over the claims of HRM and HRC, and should accordingly dismiss HRM and HRC from the case.

> **B.** **Plaintiffs' Allegation That HRM and HRC Have "Sole" Rights To Manufacture And Distribute Hill-Rom Products Embodying The Patents Is Insufficient To Confer Standing**

In an effort to preserve their pleading, Plaintiffs may argue that the second sentences of Paragraphs 10, 12, and 14 of the Complaint are sufficient to show that HRM and HRC are exclusive licensees with standing, on the ground that the sentences collectively allege that "HRM is the sole manufacturer of Hill-Rom systems embodying the inventions" of the Asserted Patents, and "HRC is the sole distributor of Hill-Rom systems embodying the inventions" of the Asserted Patents. Compl. ¶¶ 10, 12, 14. Such an argument is unavailing and should be rejected.

First, the allegations that HRM and HRC are, respectively, the sole manufacturer and distributor of Hill-Rom systems embodying the patent is facially insufficient to establish standing, even putting aside the affirmative disclaimer of property rights to the patents contained in the first sentence of Paragraphs 10, 12, and 14 of the Complaint. The mere rights to make or sell a product pursuant to a patent are not included in the bundle of rights required to confer standing to a party under controlling precedent. Indeed, both the Federal Circuit and courts in this district have addressed this precise issue, and have concluded that an allegation that an entity has sole rights to make or sell a *particular company's* products embodying a patent is insufficient to demonstrate the right to exclude required for standing.

In *Mitutoyo Corp. v. Cent. Purchasing, LLC*, the Federal Circuit affirmed a district court's dismissal for lack of standing of a plaintiff alleged to be an "exclusive distributor" of a company's patented products in the United States. 499 F.3d at 1291. The plaintiffs in *Mitutoyo*

alleged that Mitutoyo American Corporation ("MAC"), a subsidiary of parent company and patent owner Mitutoyo Corporation, was the "exclusive distributor of Mitutoyo products in the United States" and therefore had standing to join in Mitutoyo Corporation's infringement action. *Id.* at 1291. According to the Federal Circuit, however, the argument that exclusive rights to distribute Mitutoyo's patented products leads to standing "misunderstands the relevant inquiry." *Id.* In order to have standing, MAC would have had to show that it possessed exclusive rights to sell *all* products covered by the asserted patent in the United States, rather than only those patented products produced by Mitutoyo. *Id.* ("Consequently, the pertinent question is whether MAC has the exclusive right to sell products made according to the '902 patent in the United States; the exclusive right to sell only Mitutoyo's products made according to the '902 patent, however, is not a sufficient basis for standing."). Since MAC could not show that it held any rights under the patent other than distribution of Mitutoyo products, the Federal Circuit held that the district court had properly dismissed it from the suit. *Id.*

      A court in this district, applying *Mitutoyo* to almost identical facts, came to the same conclusion: "an exclusive distributor is not entitled to co-plaintiff standing where it has only the exclusive right to sell a particular company's products incorporating the patents in suit." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 664 (E.D. Va. 2010). Since the complaint in *Heinz Kettler* did not allege that the distributor had exclusive rights to sell "all products incorporating the patent in suit," the Court concluded that the distributor "does not meet the requirements for co-plaintiff standing as an exclusive distributor." *Id.*

7

Here, the factual similarity to *Mitutoyo* and *Heinz Kettler* calls for the same result.[3] The Complaint does not allege that HRM and HRC have any rights at all with respect to any *non-Hill-Rom* systems embodying the Asserted Patents. Instead, much like the language in *Mitutoyo* and *Heinz Kettler* that conferred limited rights under the patent to products produced by particular companies, the allegations in the Complaint specifically confine the rights contained in the HRM and HRC licenses to "Hill-Rom systems embodying" the Asserted Patents. Compl. ¶¶ 10, 12, 14. The Plaintiffs, moreover, fail to allege that HRM and HRC possess any rights to exclude others from practicing the Asserted Patents. *Morrow*, 499 F.3d at 1339-1340. The only other reference to the licensing arrangement in the Complaint is even less suggestive of exclusivity: "Under license from HRS, HRM manufactures Hill-Rom products, and HRC sells and distributes Hill-Rom products." Compl. ¶ 2. Under *Mitutoyo* and *Heinz Kettler* therefore, the Plaintiffs' allegations regarding the licensing of the Asserted Patents establish no more than a non-exclusive licensing relationship that is insufficient to confer standing as a matter of law.

Further, any contention that the allegations in the second sentence of Paragraphs 10, 12, and 14 of the Complaint could confer standing would improperly require the Court to ignore the plain meaning of the first sentence of each of those Paragraphs. A court assessing a facial challenge to a complaint on standing grounds must accept all factual allegations in the complaint as true. *Qimonda*, 857 F. Supp. 2d at 573-74 ("the court treats the jurisdictional challenge just as it would a motion to dismiss under Rule 12(b)(6)—it assumes that the facts in the complaint are true and determines whether they are sufficient to confer jurisdiction"). Here, the Plaintiffs have

---

[3] To the extent the language in the Complaint differs from the language in *Mitutoyo* and *Heinz Kettler*, the differences only further undermine the case for standing. The relevant licenses in both cases described the licensees as "exclusive distributors"—thus arguably suggesting that the licensees had the right to exclude others, while the Complaint here speaks only of "sole" manufacturers and distributors "of Hill-Rom systems."

asserted both that HRS owns "all legal rights, title, and interest in and to" the Asserted Patents, and that HRM and HRC have licenses under which they serve as sole manufacturer and distributor, respectively, of Hill-Rom systems embodying the patents. The only way the Complaint can be read to preserve the truth of both statements is if the HRM and HRC licenses are non-exclusive for standing purposes, since a license sufficient to establish standing by definition includes at least a portion of the "legal rights" that the Complaint reserves exclusively for HRS. The Complaint, therefore, allows for only one conclusion—HRM and HRC are mere non-exclusive licensees that lack standing to enforce the Asserted Patents.

## V. THE COURT SHOULD DISMISS THE ENTIRE COMPLAINT, AS GE CANNOT DETERMINE WHICH ALLEGATIONS ARE ATTRIBUTABLE TO HRS

Other than the paragraphs of the Complaint addressing the ownership and licensing of the Asserted Patents, the Plaintiffs refer to themselves collectively as "Hill-Rom." As a consequence, it is impossible to attribute any particular allegation to a particular Plaintiff, especially with respect to the allegations concerning damages and irreparable harm. As a result, GE cannot meaningfully respond to the allegations brought by HRS, the only Plaintiff that has sufficiently pleaded standing to enforce the patents. For this reason, the Court should dismiss the Complaint in its entirety.

## VI. CONCLUSION

For the foregoing reasons, GE respectfully requests that the Court grant the present Motion under Fed. R. Civ. P. 12(b)(1), hold that HRM and HRC lack standing, and dismiss the Complaint for lack of subject matter jurisdiction.

DATED:  June 9, 2014                                  Respectfully submitted,

              By: */s/ Robert M. Tata*
                Robert M. Tata (VSB #30101)
                Wendy C. McGraw (VSB #37880)
                HUNTON & WILLIAMS LLP
                500 E. Main Street, Suite 1000
                Norfolk, VA   23510
                (757) 640-5300
                (757) 625-7720 *fax*
                btata@hunton.com
                wmcgraw@hunton.com

                David J. Lender (*pro hac vice*)
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, NY   10152
                (212) 310-8000
                (202) 833-3035 *fax*
                david.lender@weil.com

                Brian E. Ferguson (*pro hac vice*)
                Robert T. Vlasis, III (*pro hac vice*)
                WEIL, GOTSHAL & MANGES LLP
                1300 Eye Street, N.W., Suite 900
                Washington, DC   20005
                (202) 682-7000
                (202) 867-0940 *fax*
                brian.ferguson@weil.com
                robert.vlasis@weil.com

               *Attorneys for General Electric Company*

<u>C<small>ERTIFICATE OF</small> S<small>ERVICE</small></u>

   I hereby certify that on June 9, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Stephen E. Noona, Esq.<br>Lauren Tallent Rogers, Esq.<br>K<small>AUFMAN</small> & C<small>ANOLES</small>, P.C.<br>150 West Main Street, Suite 2100<br>Norfolk, VA 23510<br>senoona@kaufcan.com<br>ltrogers@kaufcan.com | J. Michael Showalter, Esq.<br>S<small>CHIFF</small> H<small>ARDIN</small> LLP<br>233 S. Wacker Drive, Suite 6600<br>Chicago, IL 60606<br>mshowalter@schiffhardin.com |
| Stacie R. Hartman, Esq. *(pro hac vice)*<br>A. Taylor Corbitt, Esq. *(pro hac vice)*<br>S<small>CHIFF</small> H<small>ARDIN</small> LLP<br>233 S. Wacker Drive, Suite 6600<br>Chicago, IL 60606<br>shartman@schiffhardin.com<br>tcorbitt@schiffhardin.com | Stephen M. Haskins, Esq. *(pro hac vice)*<br>S<small>CHIFF</small> H<small>ARDIN</small>, LLP<br>One Market<br>Spear Street Tower, Thirty-Second Floor<br>San Francisco, CA 94105<br>shankins@schifflardin.com |
| Samuel D. Almon, Esq. *(pro hac vice)*<br>S<small>CHIFF</small> H<small>ARDIN</small>, LLP<br>One Atlantic Center, Suite 2300<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>salmon@schiffhardin.com | |

<i>Attorneys for Plaintiffs Hill-Rom Company, Inc.<br>Hill-Rom Services, Inc. and Hill-Rom Manufacturing, Inc.</i>

          */s/ Robert M. Tata*
          Robert M. Tata (VSB #30101)
          H<small>UNTON</small> & W<small>ILLIAMS</small> LLP
          500 E. Main Street, Suite 1000
          Norfolk, VA 23510
          (757) 640-5300
          (757) 625-7720 *fax*
          btata@hunton.com

          *Attorneys for General Electric Company*