**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

HILL-ROM COMPANY, INC.,     )
HILL-ROM SERVICES, INC., and    )
HILL-ROM MANUFACTURING, INC.  )
                          )
        Plaintiff,      )
   v.                     )
                          )   Case No. 2:14-cv-187-RJD-LGL
GENERAL ELECTRIC COMPANY,    )
                          )
       Defendant.     )
_____)

**PLAINTIFFS' OPPOSITION TO  MOTION TO DISMISS**

Plaintiffs Hill-Rom Company, Inc. ("HRC"), Hill-Rom Manufacturing, Inc. ("HRM"),

and Hill-Rom Services, Inc. ("HRS"; collectively with HRC and HRM, "Hill-Rom"), oppose the

Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 36, the "Motion") filed by

Defendant General Electric Company ("GE") and Brief in Support (Dkt. 37, "Brief") as follows:

**INTRODUCTION**

GE's Motion appears to be nothing more than an attempt to divert attention from the

merits of this case and strategically contrive an issue where none exists to improve its position in

responding to the pending Motion for Preliminary Injunction.[1]  The Motion cannot result in

dismissal because, as GE itself acknowledges, HRS as owner of the patents-in-suit (the

"Asserted Patents"), plainly has standing.  The Court should deny the Motion on this basis alone,

because the law is clear that only one Plaintiff needs standing for the case to proceed.

---

[1] Ironically, had HRC and HRM sued on their own, GE would have moved to dismiss their claim
for not joining the patent owner.  GE's attack on Hill-Rom's joining all parties with rights in the
patents is merely an attempt to improve its response to the Motion for Preliminary Injunction so
that it may argue, *e.g.*, that the remaining patent owner has no or less irreparable injury.

Further, Hill-Rom's Complaint (Dkt. 1) adequately alleges standing as to HRC and HRM.  By alleging that each has the sole right, respectively, to distribute and to manufacture systems embodying the inventions of the Asserted Patents, the Complaint alleges that HRC and HRM are exclusive licensees.  Exclusive licensees have standing to sue infringers, sometimes on their own but consistently when they sue together with the patent owner, as HRC and HRM have done here.  The Complaint demonstrates that HRC and HRM have standing, because it alleges that they have suffered – and will continue to suffer – injury in fact; indeed, GE's conduct threatens each with irreparable harm.  The Complaint also alleges a causal connection between that injury and GE's conduct, and that GE's actions may be redressed by a favorable decision of this Court.  Including HRC and HRM in this lawsuit is also sensible to avoid incomplete relief or inconsistent results.

GE's arguments against standing are easily disposed of.  First, GE makes the baffling argument that, because the Complaint alleges that HRS owns the patents, HRC and HRM cannot be exclusive licensees.  This is flatly contrary to an unbroken line of cases dating to the 19th Century holding that patent owners can grant exclusive licenses to others, and may join their exclusive licensees in suits for patent infringement – just as HRS has done with HRC and HRM.

Confirming its strategic gambit, GE's only other argument is that it cannot "meaningfully respond" to the Complaint because some paragraphs refer to the three Plaintiffs collectively.  For this, GE asks the Court to dismiss the entire Complaint, despite raising no challenge to HRS's standing.  The Court need not pause long on this argument; the Complaint is specific in referring to each Plaintiff separately when appropriate and to the three Plaintiffs collectively when allegations apply to all Plaintiffs together.  GE does not identify a single paragraph to which it purportedly cannot respond, nor a single authority to support its argument.  Plainly, GE could

simply deny an allegation as to one Plaintiff and admit it as to the others if GE believes that a particular reference to all three Plaintiffs is inappropriate.

There is no merit to GE's Motion, either alone or in conjunction with GE's anticipated response to the pending Motion for Preliminary Injunction.  It cannot dispose of this lawsuit, it does not advance its opposition to the injunction, and it should be denied.

## DISCUSSION

## I.   BECAUSE GE DOES NOT DISPUTE HRS'S STANDING, THE COMPLAINT IS NOT SUBJECT TO DISMISSAL.

GE's Motion challenges the standing of HRC and HRM, but does not dispute that HRS has standing, a fact that is fatal to the Motion since this suit continues if even one Plaintiff has standing.  (*See* Br., at 1-2 (arguing that neither HRC nor HRM has standing, but not challenging standing of HRS); *id.* at 5-9 (same))  Far from contesting HRS's standing, the Brief repeatedly highlights allegations in the Complaint that affirmatively plead standing on behalf of HRS.  (*See, e.g.*, *id.* at 5, 9 (noting that Complaint alleges HRS owns "all legal rights, title, and interest" in the Asserted Patents))

The Complaint more than adequately alleges standing by HRS.  A patent owner, or "patentee," has the right to sue for patent infringement.  *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010) (citing 35 U.S.C. § 281).  As GE acknowledges, the Complaint alleges that "HRS is the owner by assignment of all legal rights, title, and interest in and to" the Asserted Patents.  (Compl., ¶¶ 10, 12, 14)  The Complaint thus adequately alleges that HRS has standing.  *WiAV*, 631 F.3d at 1264; *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007).

The fact that HRS indisputably has standing is sufficient to deny GE's Motion, because so long as one plaintiff has standing, the Complaint is not subject to dismissal.  *See Horne v.*

*Flores*, 557 U.S. 433, 446-47(2009) ("Because [one plaintiff] clearly has standing to challenge the lower courts' decisions, we need not consider whether [the other plaintiffs] also have standing to do so.").   The Court need not even reach the issue of whether HRC or HRM has standing.  *See id.*; *see also Rumsfeld v. Forum for Academic & Inst'l Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006) ("the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement"); *Bd. of Educ. of Indep. Sch. Dist. No. 92 of Pottawatomie Cnty. v. Earls*, 536 U.S. 822, 826 n.1, (2002) ("Because we are likewise satisfied that Earls has standing, we need not address whether James also has standing.").  Because GE does not challenge HRS's standing, the Court can end its analysis here and deny the Motion without reaching GE's remaining arguments.  *See Horne*, 557 U.S. at 446-47.

## II.   THE COMPLAINT ADEQUATELY ALLEGES THAT HRC AND HRM HAVE STANDING.

A.   *The Complaint Alleges That HRC and HRM are Exclusive Licensees*.

If the Court were to consider the remainder of GE's Motion, it will see that the Complaint adequately alleges standing with respect to each of HRC and HRM.

In addition to patentees, exclusive licensees also may sue for patent infringement.  *Alfred E. Mann Found. For Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1359-60 (Fed. Cir. 2010).   A party with an exclusive license "receives more substantial rights in a patent than a nonexclusive licensee, but receives fewer rights than an assignee of all substantial patent rights. For example, an exclusive licensee could receive the exclusive right to practice an invention within a given limited territory."  *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001); *see also WiAV*, 631 F.3d at 1264 (noting that an exclusive licensee has the right to sue for infringement where it "has a legally protected interest in the patent created by the Patent Act, so that it can be said to suffer legal injury from the act of

infringement."); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) ("To have co-plaintiff standing in an infringement suit, a licensee must hold some of the proprietary sticks from the bundle of patent rights, albeit a lesser share of rights in the patent than for an assignment and standing to sue alone.").

An exclusive licensee that has standing may have rights to a patent only within a particular "field of use."  *See, e.g.*, *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998) (exclusive licensee has standing where it has rights to a patent "within the field covered by the license"); *James v. Victor Co. of Japan Ltd.*, No. AW-98-862, 1998 WL 830556 at *5 (D. Md. July 29, 1998) (finding an exclusive license where others are excluded from practicing the invention within the field covered by the license).   As the Court observed in *EyeTicket Corp. v. Unisys Corp.*, for example, an exclusive licensee may have rights "for one of many fields of use within a given patent."  155 F. Supp. 2d 527, 538 (E.D. Va. 2001).  In another case, the plaintiff had exclusive patent rights in the field of use of wireless handsets, but its rights did not extend to other industries.  *WiAV*, 631 F.3d at 1261-62; *see also Amgen, Inc. v. Chugai Pharm. Co., Ltd.*, 808 F. Supp. 894, 900 (D. Mass. 1992) ("an exclusive license can be created by a grant of exclusivity based solely on geographic, time, or field-of-use limitations"), *aff'd sub nom. Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995).   Unlike a patentee, which may sue on its own, an exclusive licensee generally sues together with the patentee.  *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) (an exclusive licensee has standing when it joins the patentee as a party); *Suffolk Technologies LLC v. AOL Inc.*, 910 F. Supp. 2d 850, 855 n.6 (E.D. Va. 2012) (same).

Notwithstanding GE's argument to the contrary, the Complaint adequately alleges that HRC and HRM have the right to exclude others and possess sufficient rights to constitute

exclusive licenses within their respective fields of use. It alleges that, "[p]ursuant to license, HRM is the sole manufacturer of Hill-Rom systems embodying the inventions of the [Asserted Patents] and HRC is the sole distributor of Hill-Rom systems embodying the inventions of the [Asserted Patents]." (Compl., ¶¶ 10, 12, 14) The right to exclude is implicit in the Complaint because it alleges that HRM and HRC are the only parties with rights, respectively, to manufacture and sell systems embodying the inventions of the Asserted Patents, and it does not allege that any other parties have rights under the Asserted Patents. *See WiAV*, 631 F.3d at 1266 (implied promise of exclusivity gives rise to exclusive license). The Complaint effectively alleges and provides adequate notice that HRC has exclusive rights in the field of use of distribution and that HRM has exclusive rights in the field of use of manufacturing systems embodying the inventions of the Asserted Patents. (Compl. ¶¶ 10, 12, 14); *see Textile Prods.*, 134 F.3d at 1484. Because paragraphs 10, 12, and 14 allege that HRC and HRM have "a legally protected interest in the patent created by the Patent Act, so that [they] can be said to suffer legal injury from the act of infringement," the Complaint alleges that they are exclusive licensees. *See WiAV*, 631 F.3d at 1264.

GE argues that because the Complaint uses the word "sole" to describe HRC and HRM's rights under the Asserted Patents, it fails to allege that they are exclusive licensees. (Br., at 6-9 & n.3) This argument is frivolous. As the Federal Circuit has repeatedly explained, "in determining whether a party holds the exclusionary rights, we determine the substance of the rights conferred on that party, not to the characterization of those rights as exclusive licenses or otherwise." *Morrow*, 499 F.3d at 1340, n.7; *see also De Forest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 241, (1927) ("[n]o formal granting of a license is necessary to give it effect"). Even if language were controlling, there is no meaningful difference between the words

6

"sole" and "exclusive" in this context.  *See, e.g.*, *Merriam-Webster Online* (2014)*, available at* http://www.merriam-webster.com/dictionary/sole (defining "sole" as "belonging *exclusively* or otherwise limited to one usually specified individual, unit, or group" (emphasis added)).

Equally meritless is GE's contention that the Complaint fails to allege exclusive licenses because it states that HRC and HRM are the sole distributor and manufacturer of "*Hill-Rom* systems embodying the inventions" of the Asserted Patents.  (Br., at 6-8 (emphasis added))  GE asserts that the allegations are deficient because they allege that HRC and HRM have exclusive rights only with respect to Hill-Rom systems.  GE argues that these allegations mean HRC and HRM have no rights with respect to systems embodying the Asserted Patents made by others. (*Id.*)  This argument too fails, because (as the Complaint makes clear) no other manufacturers are authorized to make systems embodying the inventions of the Asserted Patents, nor does the Complaint allege otherwise.  (Compl., ¶¶ 10, 12, 14 (alleging that HRS owns "all legal rights, title, and interest in" the Asserted Patents, and alleging licenses only to HRC and HRM))

GE's reliance on *Mitutoyo Corp. v. Central Purchasing, LLC* is misplaced, because the record in that case showed that the patent owner allowed other parties to sell products covered by the patent in question.  499 F.3d 1284, 1288 (Fed. Cir. 2007).  Mitutoyo's admission that it allowed other companies to sell products covered by the patent led the Court to find a lack of standing.  *Id.* at 1291 ("Because Mitutoyo represented to the trial court that General Tool Corp. imports products covered by the '902 patent and has the right to sell them in the United States . . . MAC does not possess the requisite exclusive right to sell.").  Here, in contrast, the Complaint alleges that only HRC and HRM have rights to distribute or manufacture systems embodying the inventions of the Asserted Patents.

*Heinz Kettler GMBH & Co. v. Razor USA, LLC* is similarly inapposite.  750 F. Supp. 2d 660 (E.D. Va. 2010).   There the Court held that a distributor was not an exclusive licensee because it had the rights to distribute only a particular company's products, not the products of any company embodying the patent.  *Id.* at 664.  Here, that is a distinction without a difference, because no other company is authorized to manufacture or distribute systems embodying the inventions of the Asserted Patents.  (Compl., at ¶¶ 10, 12, 14)  As the Federal Circuit has made clear, the Complaint's allegations must be taken as true and "construed in a light most favorable to the complainant" when a Rule 12(b)(1) motion challenges subject matter jurisdiction.  *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).  So construed, the only tenable conclusion is that HRC and HRM are exclusive licensees.[2]

B.   *The Complaint Demonstrates That HRC and HRM Satisfy the Standing Requirements Applicable to Exclusive Licensees.*

1.   *To Plead Standing, an Exclusive Licensee Must Allege an Injury in Fact, a Causal Connection, and Redressability.*

Standing requires that a plaintiff have "suffered an injury in fact, that there be a causal connection between the injury and a defendant's conduct, and that the injury be redressable by a favorable court decision." *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1313 (Fed. Cir. 2005) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)).  The allegations of the Complaint regarding HRC and HRM satisfy each of these requirements.

---

[2] GE also contends that the allegation that HRS owned the patents is somehow inconsistent with the allegations that HRS gave HRC and HRM exclusive licenses.  (Br., at 5-6, 8-9)  This baseless argument is disposed of below, in section III.

2. *The Complaint Alleges Injury in Fact.*

By alleging that HRC and HRM are exclusive licensees of the Asserted Patents (Compl., ¶¶ 10, 12, 14), and that GE has infringed their rights by making, using, selling, or offering to sell systems that embody the inventions of the Asserted Patents (*id.*, ¶¶ 1, 16-41), the Complaint alleges that HRC and HRM have suffered injury in fact. *See Intellectual Prop. Dev.*, 248 F.3d at 1346-47 (exclusive licensee "is constitutionally injured by another entity that makes, uses, or sells the invention"); *Evident*, 399 F.3d at 1313-14 (exclusive licensee "would be injured by any party that made, used, or sold that patented composition"); *WiAV*, 631 F.3d at 1264-65 (exclusive licensee "suffers a legally cognizable injury when an unauthorized party encroaches upon those rights and therefore has standing to sue").

As the Complaint alleges, GE has created an infringing hand-hygiene compliance system "and is actively marketing that system" to Hill-Rom's customers. (Compl., ¶ 1) It alleges that GE's infringing conduct has caused "irreparable harm" to HRS, HRC, and HRM, "for which there is no adequate remedy at law," and that Plaintiffs have and continue to "suffer substantial injury," including "loss of sales and profits" that they would have earned absent GE's infringement. (*Id.*, ¶¶ 27, 34, 41) These allegations explicitly plead that GE has caused HRC and HRM injury in fact. And the Federal Circuit has held that conduct such as GE's, as alleged in the Complaint, has amounted not only to injury, but to *irreparable* harm. *See, e.g., Polymer Technologies, Inc. v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996) ("Competitors change the marketplace. Years after infringement has begun, it may be impossible to restore a patentee's (or an exclusive licensee's) exclusive position by an award of damages and a permanent injunction.").

GE is a direct competitor to Hill-Rom, and therefore its infringement as alleged in the Complaint is all the more damaging to HRS, HRC, and HRM. *See, e.g., Systemation, Inc. v.*

*Engel Indus., Inc.*, 194 F.3d 1331, 1999 WL 129640, *6 (Fed. Cir. 1999) ("los[s of] sales to a direct competitor" evinces irreparable harm); *Visto Corp. v. Seven Networks, Inc.*, 2:03-CV-333-TJW, 2006 WL 3741891, *4 (E.D. Tex. Dec. 19, 2006) ("The parties to this case are direct competitors, and this fact weighs heavily in the court's analysis. Intellectual property enjoys its highest value when it is asserted against a direct competitor in the plaintiff's market.").  As the exclusive distributor of systems embodying the Asserted Patents, HRC is now competing head-to-head with GE salespersons who are actively marketing GE's infringing systems.  HRM, the exclusive manufacturer under the Asserted Patents, also faces lost revenue and damaged market position because of GE's manufacture and sale of systems in violation of the Asserted Patents. *See Systemation*, 194 F.3d 1331, 1999 WL 129640 at *6; *Visto*, 2006 WL 3741891 at *4.

Additionally, and as explained in great detail in Plaintiffs' Motion for a Preliminary Injunction and related papers, Dkt. 8 – Dkt. 14, because the relevant market is in its critical early stages, GE's infringement is costing Hill-Rom market share that it may never be able to recover, a harm so significant that courts have held it cannot be compensated in money damages.  *TiVo, Inc. v. EchoStar Communications Corp.*, 446 F. Supp. 2d 664 (E.D. Tex. 2006) *rev'd in part on other grounds,* 516 F.3d 1290 (Fed. Cir. 2008) (patent infringement by competitor in new market led to irreparable harm and warranted injunction); *Baker Hughes Inc. v. Nalco Co.*, 676 F. Supp. 2d 547, 554 (S.D. Tex. 2009) *aff'd*, 374 F. App'x 979 (Fed. Cir. 2010) (irreparable harm existed where new market "consists of a small number of potential clients," and "the parties are in direct competition for this business").  This ongoing, irreparable harm more than sufficiently establishes injury in fact for standing purposes.

3.     *The Complaint Alleges a Causal Connection.*

As alleged in the Complaint, the injuries sustained by each plaintiff are directly related to GE's infringing conduct.  (*See, e.g.*, Compl., ¶¶ 27, 34, 41 (alleging that GE "has caused or will

cause, by its infringing conduct, irreparable harm" to Plaintiffs))  This allegation satisfies the

causal connection requirement of standing.  *See Intellectual Prop. Dev.*, 248 F.3d at 1347

("Further, IPD's injury is directly related to the allegedly infringing conduct of TCI–California.

This relationship meets the 'fairly traceable' standard for causation described in *Lujan.*" (citing

*Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130)).

4. *The Complaint Alleges Redressability.*

The redressability requirement is satisfied because, if they are successful, HRC and HRM

are entitled to damages to compensate them for past harm, as well as injunctive relief to prevent

future harm from GE's infringing conduct.  *See Intellectual Prop. Dev.*, 248 F.3d at 1347.

(exclusive licensee's injury was redressable because, "if successful in an infringement suit," it

"could recover damages pursuant to 35 U.S.C. § 284 and could prohibit [the defendant] from

further making, using and selling its allegedly infringing products under 35 U.S.C. § 283").

5. *The Complaint Shows that the Rule 19 Factors Support HRC's and HRM's Participation as Plaintiffs.*

In addition to the standing considerations described above, Federal Rule of Civil

Procedure 19 also supports including HRC and HRM as parties in this action.  As the Federal

Circuit has explained:

> Rule 19(a) provides that a person who can be joined as a party
> should be joined if (1) the person's absence would make it
> impossible to grant complete relief to the parties, or (2) the person
> claims an interest in the subject matter of the action and is so
> situated that the disposition of the action in his absence could
> impede his ability to protect that interest or leave any of the parties
> subject to a substantial risk of incurring multiple or inconsistent
> obligations.

*Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1133 (Fed. Cir. 1995).  Adjudicating the rights of

HRS, HRC, and HRM in a single action is consistent with the purposes of Rule 19, which is a

factor that the Federal Circuit considers in deciding standing.  *See id.* ("[t]he purpose of Rule

19—to avoid multiple suits or incomplete relief arising from the same subject matter" supported including patentee and exclusive licensee in single action); *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1318 (Fed. Cir. 2009) (same).

## III. GENERAL ELECTRIC'S REMAINING ARGUMENTS ARE EQUALLY MERITLESS.

GE makes several additional arguments for dismissal, none of which is any more persuasive. GE asserts that, because the Complaint alleges that HRS owns the rights in the Asserted Patents, it is somehow inconsistent to also allege that HRC and HRM have licenses. (Br., at 5-6, 8-9) But a license is a right to *use* a patent, not an ownership right; it exists "when either language used by the patent owner or conduct on the part of the patent owner infers that it consents to use of the patent." *Cnty. Materials Corp. v. Allan Block Corp.*, 431 F. Supp. 2d 937, 947 (W.D. Wis. 2006) (citing *De Forest Radio*, 273 U.S. at 241). Though GE attempts to prop up its specious argument by quoting a few cases out of context, it does not cite a single case holding that a party may not own a patent and license certain rights to another party. *See id.* Nor are we aware of any such authority.

Indeed, it is plain common sense that only an owner can license rights to its property, and conversely, if a licensee holds rights to use another's property, it gains such rights from the owner. It is an understatement to say the law is well-settled that patent owners may give exclusive licenses to others and that owners may join their licensees to sue infringers. *See, e.g.*, *Abbott Labs.*, 47 F.3d at 1131; *Morrow*, 499 F.3d at 1339; *AsymmetRx*, 582 F.3d at 1318-20; *Prima Tek II*, 222 F.3d at 1377.

GE attempts to elide the critical distinction between *owning* a patent and *retaining all rights* in a patent. (*See* Br., at 5) GE quotes an allegation in the Complaint that HRS is the "owner" of rights to the patents, and then proceeds to mischaracterize the Complaint as alleging

that HRS "retained the entire bundle" of patent rights, which the Complaint does not allege.  (*Id.*)

This is, of course, the key distinction, and the reason GE's argument is devoid of merit.  An

entire body of Federal Circuit case law, some of it quoted in GE's Motion, is built upon the

premise that a patent owner can grant an exclusive license to another, and the owner and licensee

can then jointly sue an infringer.  *See, e.g.*, *Abbott Labs.*, 47 F.3d at 1131; *Morrow*, 499 F.3d at

1339; *AsymmetRx*, 582 F.3d at 1318-20; *Prima Tek II*, 222 F.3d at 1377.  But if the Court accepts

GE's argument that a party cannot both own rights in a patent and license those rights to others,

it must break with a solid line of cases dating back over a century.  *See, e.g.*, *Waterman v.*

*Mackenzie*, 138 U.S. 252, 255, 11 S. Ct. 334, 335 (1891) ("Any rights of the licensee must be

enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect

the rights of all parties, joining the licensee with him as a plaintiff.").

　　　GE's final argument fails as well.  On the last page of its Brief, in a single paragraph with

no authority, GE argues that, because the Complaint often refers to three Plaintiffs collectively,

GE cannot "meaningfully respond" to the allegations.  From there, GE leaps to the conclusion

that the Court should dismiss the entire Complaint – ignoring that GE itself does not contest

HRS's standing.  (Br., at 9)  This argument is devoid of any legal support.  First, the Court

should disregard this argument because it violates Local Rule 7(F)(1), which requires that briefs

include "citation of the authorities upon which the movant relies."  (*See id*.)  Beyond the rule

violation, this argument lacks any substance.  The Complaint means what it says, and where it

uses the term "Hill-Rom" to refer to HRS, HRC, and HRM collectively, it does so intentionally.

When it does not mean to refer to all three, it refers only to the appropriate Plaintiff.  For

example, some paragraphs refer to the Plaintiffs individually in discussing their patent licensing

relationships.  (Compl., ¶¶ 2, 10, 12, 14)  Other paragraphs appropriately refer to all three

Plaintiffs.  Paragraph 16 alleges that GE infringed the patents "without Hill-Rom's authority." This is appropriate, because GE has no authorization from HRS, HRC or HRM to use the inventions of the Asserted Patents as it is doing; because each Plaintiff has an interest in the Asserted Patents, the allegation states that none of them authorized GE's conduct.  (*Id.* ¶ 16) Similarly, the Complaint alleges that GE's actions harmed all three Plaintiffs.  (*See, e.g.*, *id.* ¶ 27, alleging that GE "has caused or will cause, by its infringing conduct, irreparable harm to Hill-Rom")  Thus, there is no merit to GE's contention that "it is impossible to attribute any particular allegation to a particular Plaintiff, especially with respect to" damages and irreparable harm. (Br., at 9)  In fact, the Complaint is quite specific: all three Plaintiffs have rights under the Asserted Patents, GE's conduct has been and is continuing to injure all three Plaintiffs, and its conduct threatens all three with irreparable harm.  (*See, e.g.*, Compl., ¶¶ 2, 10, 12, 14, 27, 34, 41)

Tellingly, GE does not identify a single paragraph of the Complaint to which it purportedly "cannot meaningfully respond."  (*See* Br., at 9)  Of course if GE believes that a particular allegation is not true as to one of the Plaintiffs, GE can simply deny the allegation as to that Plaintiff and admit it as to the other Plaintiffs.  GE's argument that it cannot "meaningfully" respond to the Complaint does not withstand even cursory scrutiny.  It appears to be a desperate "Hail Mary" attempt at obtaining dismissal of the entire Complaint, or at least making a partial dismissal seem more reasonable.  Like its tactics to improve its response to the Motion for Preliminary Injunction discussed above, this tactic of GE's also should be rejected by the Court.[3]

---

[3] If the Court were to grant any aspect of the Motion, such dismissal should be without prejudice and with leave to amend the Complaint.  *See, e.g.*, *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004).  GE has not argued for dismissal with prejudice.

## CONCLUSION

Because HRS's standing is undisputed, and because the Complaint properly alleges standing as to HRC and HRM as well, the Court should deny GE's Motion.  GE's Motion amounts to a delay tactic strategically aimed at avoiding a substantive analysis of the serious allegations in this matter which have been laid out in detail in the Complaint and the pending Motion for Preliminary Injunction.

To the extent the Court grants the Motion in whole or in part, Plaintiffs respectfully request that the Court grant them leave to amend the Complaint.


Dated: June 23, 2014                              Respectfully submitted,


                                                  */s/ Stephen E. Noona*
                                                  Stephen E. Noona
                                                  Virginia State Bar No. 25367
                                                  Lauren Tallent Rogers
                                                  Virginia State Bar No. 82711
                                                  KAUFMAN & CANOLES, P.C.
                                                  150 West Main Street, Suite 2100
                                                  Norfolk, Virginia 23510
                                                  Telephone: 757-624-3000
                                                  Facsimile: 757-624-3169
                                                  senoona@kaufcan.com
                                                  ltrogers@kaufcan.com

                                                  J. Michael Showalter
                                                  Virginia State Bar No. 72272
                                                  Stacie R. Hartman (*pro hac vice*)
                                                  A. Taylor Corbitt (*pro hac vice*)
                                                  SCHIFF HARDIN LLP
                                                  233 S. Wacker Drive, Suite 6600
                                                  Chicago, IL  60606
                                                  Telephone:  312-258-5500
                                                  Facsimile:  312-258-5600
                                                  shartman@schiffhardin.com

                                                  Stephen M. Hankins (*pro hac vice*)
                                                  SCHIFF HARDIN, LLP

One Market
Spear Street Tower, Thirty-Second Floor
San Francisco, CA  94105
Telephone:  415-901-8700
Facsimile:  415-901-8701
shankins@schifflardin.com

Samuel D. Almon (*pro hac vice*)
SCHIFF HARDIN, LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA  30309
Telephone:  404-437-7000
Facsimile:  404-437-7100
salmon@schiffhardin.com

*Attorneys for Plaintiffs Hill-Rom Company, Inc.,
Hill-Rom Services, Inc. and Hill-Rom
Manufacturing, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2014, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following:

> Robert M. Tata
> Virginia State Bar No. 30101
> Wendy C. McGraw
> Virginia State Bar No. 37880
> Sonja Garrelts
> Virginia State Bar No. 83226)
> Hunton & Williams LLP
> 500 E. Main Street, Suite 1000
> Norfolk, VA  23510
> Telephone:  757-640-5300
> Facsimile:  757-625-7720
> btata@hunton.com
> wmcgraw@hunton.com
> sgarrelts@hunton.com
>
> David J. Lender *(pro hac vice)*
> Weil Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY  10153-0119
> Telephone:  212-310-8153
> Facsimile:  212-833-3035
> David.lender@weil.com
>
> Brian E. Ferguson *(pro hac vice)*
> Robert T. Vlasis, III *(pro hac vice)*
> Stephen P. Bosco
> Virginia State Bar No. 86129
> Weil Gotshal & Manges LLP
> 1300 Eye Street, N.W., Suite 900
> Washington,  DC  20005
> Telephone:  202-682-7000
> Facsimile:  202-857-0940
> Brian.ferguson@weil.com
> Robert.vlasis@weil.com
> Stephen.bosco@weil.com

*Counsel for Defendant General Electric Company*

/s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: 757-624-3000
Facsimile: 757-624-3169
senoona@kaufcan.com

13251872v1