**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| HILL-ROM COMPANY, INC., HILL-ROM SERVICES, INC., and HILL-ROM MANUFACTURING, INC., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:14-CV-187-RGD-LRL |
| GENERAL ELECTRIC COMPANY, | ) |
| Defendant. | ) |

**GENERAL ELECTRIC COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant General Electric Company ("GE") submits this Reply in support of its Motion to Dismiss (Dkt. Nos. 36, 37) the Complaint filed by Plaintiffs Hill-Rom Company, Inc. ("HRC"), Hill-Rom Services, Inc. ("HRS"), and Hill-Rom Manufacturing, Inc. ("HRM").

**INTRODUCTION**

While Plaintiffs in their Opposition (Dkt. No. 39) strenuously object to GE's motion, much of Plaintiffs' analysis fails to address the substantive issue raised in the motion: the insufficient pleading of standing with respect to at least two of the named plaintiffs. Plaintiffs first argue that standing as to at least one of the Plaintiffs is enough to deny GE's motion, but the case law Plaintiffs cite in support of that position addresses only appellate jurisdiction and is therefore inapposite. Next, Plaintiffs make arguments concerning factual allegations that simply do not exist in the Complaint, in an effort to essentially "re-write" what has been pled. But GE and the Court must consider the sufficiency of the Complaint as it actually exists; not a non-existent alternate version that Plaintiffs wish they had written. *See*, *e.g.*, *Pai v. DRX Urgent*

*Care, LLC*, 2014 U.S. Dist. LEXIS 27071, *34 (D.N.J. March 4, 2014) ("Plaintiffs cannot rewrite their pleadings in an opposition brief"); *Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007) ("we do not consider after-the-fact allegations in determining the sufficiency of [a] complaint"). Plaintiffs' largely irrelevant protestations aside, the fundamental truth at the heart of GE's motion remains: two of the three Plaintiffs in this suit—based upon the unambiguous allegations in their own Complaint—lack standing to enforce the asserted patents. Accordingly, this Court lacks subject matter jurisdiction to hear their claims and they must be dismissed. And as a result, the remaining allegations in the Complaint make no sense, such that the entire Complaint should be dismissed.

It is important to point out that resolution of the standing issue is not a mere academic exercise without practical impact. Objections to subject matter jurisdiction may be raised at any stage of litigation—even after judgment and on appeal. *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction"). A failure to verify subject matter jurisdiction over the claims of all parties at the beginning of a case raises the real danger that "many months of work on the part of the attorneys and the court may be wasted." *Henderson*, 131 S. Ct. at 1202; *see also New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 155 (4th Cir. 2000) (vacating the judgment of the district court and remanding "for dismissal without prejudice for lack of subject matter jurisdiction"). Indeed, the Federal Circuit has frequently vacated infringement judgments after determining some or all of the plaintiffs below lacked standing and—given that the only "Hill-Rom" party with apparent standing (HRS) cannot recover "lost profits" monetary damages should GE be found to infringe—may explain Plaintiffs' dogged efforts to blur the

distinctions between the three Hill-Rom entities here. *See*, *e.g.*, *Spine Solutions, Inc. v. Medtronic Sofomar Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010) (vacating lost profits award "[b]ecause we conclude that neither Synthes Spine nor Synthes, Inc. has standing to sue on the '071 patent"); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1556 (Fed. Cir. 1995) (vacating damages award to one category of plaintiffs on the ground that they lacked standing to enforce the patents). Thus, resolution of the standing issue now – and correction thereto if warranted – serves the interests of the parties and the Court.

Finally, Plaintiffs had multiple opportunities to potentially resolve the standing issue quickly and decisively by producing documents that only they control—the alleged licenses to HRM and HRC. Plaintiffs could have done so (i) with their complaint, (ii) in response to GE's pre-motion request for information (an action GE took in the hope that the current motion would be unnecessary), or (iii) as part of their response to GE's motion after being directly challenged on the issue. Because Plaintiffs took none of these opportunities, only two reasonable inferences may be drawn—either the licenses are insufficient to confer standing on HRM and HRC, or Plaintiffs have forced GE and the Court to waste time and resources by withholding them. Either way, on the current state of the record, the Complaint should be dismissed.

## DISCUSSION

### I. Any Plaintiff Whose Claims Lack Subject Matter Jurisdiction Must Be Dismissed

As a threshold matter, Plaintiffs argue that "[t]he Court need not even reach the issue of whether HRC or HRM has standing[]," because GE has not challenged HRS's standing. Opp. at 4. Settled law regarding the jurisdiction of federal courts indicates otherwise. It is axiomatic that "[e]very plaintiff must demonstrate standing, a jurisdictional prerequisite under Article III's case-or-controversy requirement." *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1325 (Fed. Cir.

2010).[1] A party that "seeks the exercise of jurisdiction in his favor," moreover, bears the burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), overruled in part on other grounds by *City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004) (internal quotations omitted). The presence of one party with constitutional standing, accordingly, is insufficient to confer such standing upon others that lack it. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1341 (Fed. Cir. 2007) (the "standing deficiency" of a non-exclusive licensee "cannot be cured by adding the patent title owner to the suit'); *Spine Solutions*, 620 F.3d at 1318 (district court abused its discretion by permitting joinder of plaintiff that lacked standing). Thus, HRS's standing—to the extent it exists—has no bearing on whether the Court has jurisdiction to hear the independent claims asserted by Plaintiffs HRC and HRM.

Once alerted to a standing or other jurisdictional deficiency, moreover, federal courts are obliged to address it. *FW/PBS, Inc.*, 493 U.S. at 231 ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." (internal quotations and citation omitted)). Consequently, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (internal quotations omitted)). Here, since it is apparent from the face of the Complaint that HRC and

[1] The cases that Plaintiffs cite in support of their position all deal with the separate issue of federal appellate jurisdiction. They stand for the uncontroversial, and irrelevant, proposition that a federal appellate court may properly exercise jurisdiction over an appeal from a judgment involving multiple parties if it has confirmed that at least one of the appellants had standing to bring the original suit. The cases do not stand for the proposition, as Plaintiffs suggest, that one party's standing can cure another party's absence of constitutional standing.

HRM cannot have standing, the Court—far from being free to "end its analysis" as suggested by the Plaintiffs, (Opp. at 4)—has an affirmative obligation to dismiss HRC and HRM from the suit.

## II. Plaintiffs Provide No Basis For Concluding That Any Party Other Than HRS Has Standing To Enforce The Asserted Patents

The obligation to dismiss HRC and HRM flows directly from the plain language of the Complaint, and in particular Plaintiffs' assertion that HRS owns "all legal rights, title, and interest in and to [the Asserted Patents]." Compl. ¶¶ 10, 12, 14. Rather than addressing this language directly, however, Plaintiffs attempt to deflect attention from their own pleading. In particular, Plaintiffs avoid addressing GE's *central legal argument*—that a party that owns "***all*** legal rights, title, and interest in and to" a patent cannot possibly have transferred the right to enforce the patent to another party—and instead attempt to change the question by responding to arguments of their own creation.

Plaintiffs claim, for example, that GE's argument is based on the contention that patent ownership is inconsistent with licensing. Opp. at 12 ("GE asserts that, because the Complaint alleges that HRS owns the rights in the Asserted Patents, it is somehow inconsistent to also allege that HRC and HRM have licenses."); Opp. at 13 ("But if the Court accepts GE's argument that a party cannot both own rights in a patent and license those rights to others…"). GE, of course, made no such assertion. On the contrary, GE assumed that HRS may have granted HRM and HRC licenses, and in fact argued that the existence of a non-exclusive licensing arrangement between them was the only reasonable construction of the Complaint: "[t]he Complaint, therefore, allows for only one conclusion—HRM and HRC are ***mere non-exclusive licensees*** that lack standing to enforce the Asserted Patents." GE Br. at 9 (emphasis added). Plaintiffs' statement that GE argued "that a party cannot both own rights in a patent and license those rights

to others" is simply false, and fails to address the threshold question raised in GE's Motion concerning the lack of standing of HRM and HRC as pled.

What GE did and continues to argue is that a party owning "all legal rights, title, and interest in and to" a patent is—as a matter of both law and logic—the only party with standing to enforce it. This is true as a matter of law because the Federal Circuit has said as much. *Morrow*, 499 F.3d at 1340 (Fed. Cir. 2007) ("When a party holds all rights or all substantial rights, it ***alone*** has standing to sue for infringement." (emphasis added)). And it is true as a matter of pure logic because one that possesses ***all*** rights to a patent cannot possibly have conveyed a legal right to enforce the patent to another, such that the recipient would have standing. This logic is grounded directly in the fundamental distinction between exclusive and non-exclusive licensees in the standing context—a distinction that Plaintiffs never even acknowledge (despite its centrality to the Motion to Dismiss) and that their mischaracterization of GE's position appears designed to obscure. This critical distinction bears further review.

Standing to enforce a patent is limited by statute to "patentees." 35 U.S.C. § 281. As a result, patent owners are typically the only parties with standing to file infringement suits. *See Great Lakes Intellectual Prop. Ltd. v. Sakar Int'l, Inc.*, 516 F. Supp. 2d 880, 886 (W.D. Mich. 2007) ("The right to sue infringers is normally the privilege of the person that has legal title to the patent."). Courts have construed the term "patentee," however, to include two other limited categories of potential plaintiffs: the "assignee of all substantial rights in the patent" and those who have received a "legally protected interest in the patent created by the Patent Act," even if it is less than "all substantial rights." *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010). Persons in the latter category are "exclusive licensees." *Id.* Any licensee with less than a "legally protected interest in the patent created by the Patent Act" is a "bare" or non-

exclusive licensee, and lacks constitutional standing to enforce the patent under any circumstances. *Id.* at 1265; *Sicom Sys., Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement." (internal citations omitted)).

The "legally protected interests" that a party must possess in order to constitute an "exclusive licensee" are limited to the enumerated "exclusionary rights created by the Patent Act." *WiAV Solutions*, 631 F.3d at 1264. Thus any party that does not have at least one of those enumerated exclusionary rights, *i.e.*, "the rights to exclude others from making, using or selling the invention in the United States," *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031-32 (Fed. Cir. 1995), is not an exclusive licensee and does not have standing.

These exclusionary rights sufficient to confer standing, moreover, are ***property*** rights. *Ortho Pharm.*, 52 F.3d at 1031 ("The key question for determining standing of a licensee is whether the licensee as a matter of law has an ***exclusive property interest in the patent itself***, not whether the licensee in fact has been harmed by a third-party infringer." (emphasis added)); *see also Mitutoyo Corp. v. Cent. Purchasing*, LLC, 499 F.3d 1284, 1291 (Fed. Cir. 2007) ("In order for a licensee to have co-plaintiff standing, it must hold at least some of the ***proprietary*** rights under the patent." (emphasis added)); 35 U.S.C § 261 ("Subject to the provisions of this title, patents shall have the attributes of personal property."); *Merriam-Webster Online* (2014), *available at* http://www.merriam-webster.com/dictionary/proprietary (defining "proprietary" as "of, relating to, or characteristic of an owner or title holder"). Consequently, any license sufficient to confer standing (by transferring one or more of these exclusionary rights), converts the licensee into "a beneficial owner of some identifiable part of the patentee's bundle of rights

to exclude others." *Ortho Pharm.*, 52 F.3d at 1032. And it is in fact this "ownership" stake in the patent right that provides the basis for an exclusive licensee to join an infringement suit. *Id.* ("But it is the licensee's beneficial ownership of a right to prevent others from making, using or selling the patented technology that provides the foundation for co-plaintiff standing, not simply that the word 'exclusive' may or may not appear in the license."). As a result, any license that confers less than "beneficial ownership" of one of the proprietary rights to exclude created by the Patent Act is a non-exclusive license that is insufficient to confer constitutional standing under any circumstances.

Applying these bedrock principles to the matter at hand, it is readily apparent that the notion that a party could simultaneously own ***all*** legal rights and interest in a patent (*e.g.*, HRS) and also have conveyed the required "proprietary interest" sufficient to confer standing on others (*e.g.*, HRC and/or HRM) is simply untenable. The Federal Circuit recognized as much in *Morrow*, explaining that plaintiffs with "all legal rights to the patent as the patentee or assignee of all patent rights" hold "the entire bundle of sticks," and consequently are the *only* parties with standing to enforce a patent. 499 F.3d at 1332. That analysis squarely applies here. Plaintiffs' unambiguous statement that HRS owns "all legal rights, title, and interest in and to" the Asserted Patents necessarily renders HRS as the only party with standing to enforce them.[2] Accordingly, HRM and HRC cannot be co-plaintiffs.

---

[2] The Complaint is not the only instance where Plaintiffs assert HRS's sole and exclusive rights in the patents. In the "Proposed Order" accompanying Plaintiff's Preliminary Injunction motion, Plaintiffs ask the Court to find that "Hill-Rom Services, Inc. is the ***sole owner of the entire right, title and interest in*** [the patents-in-suit]." Dkt. No. 8-1 (emphasis added).

## III. Plaintiffs' Remaining Arguments Fail To Address The Fundamental Deficiencies In The Complaint

The Court need not even reach Plaintiffs' other arguments in its opposition, given that the Complaint plainly alleges facts that restrict standing to HRS alone. At any rate, those other arguments are simply further examples of Plaintiffs' studious refusal to accurately characterize GE's arguments and the language in the Complaint, and do nothing to alter the conclusion that the Complaint fails to plead standing for HRM and HRC.

For example, in addressing the allegations in the second sentence of paragraphs 10, 12, and 14 of the Complaint, Plaintiffs state that the Complaint implicitly alleges a right to exclude on the part of HRM and HRC because it "alleges that HRM and HRC are the only parties with rights, respectively, to manufacture and sell systems embodying the inventions of the Asserted Patents, and it does not allege that any other parties have rights under the Asserted Patents." Opp. at 6. Plaintiffs are correct that the Complaint is silent with respect to any rights others may have under the Asserted Patents, but are of course incorrect that the Complaint "alleges that HRM and HRC are the ***only*** parties with rights, respectively, to manufacture and sell systems embodying the inventions of the Asserted Patents." *Compare* Compl., ¶¶ 10, 12, 14. Plaintiffs make the same error later, citing the same paragraphs of the Complaint for the proposition that "no other manufacturers are authorized to make systems embodying the inventions of the Asserted Patents." Opp. at 7.

The reality, of course, is that the Complaint neither states nor suggests that HRM and HRC have licenses extending beyond Hill-Rom systems or that they include any of the exclusionary rights created by the Patent Act required to confer standing. Nor does the Complaint state or suggest that HRS would be foreclosed from licensing others to make or sell non-Hill-Rom products embodying the Asserted Patents. On the contrary, the statement that

HRS has "all legal rights, title, and interest in and to" the Asserted Patents compels the conclusion that it does retain the right to grant such licenses. The Complaint is simply silent on the potential existence of other licenses. Courts will not infer exclusivity under such circumstances. *WiAV Solutions* , 631 F.3d at 1266 ("courts will not imply an exclusive license when there is no indication that the licensor granted its licensee any of the exclusionary rights in a patent").

Notwithstanding Plaintiffs' arguments, the fact remains that an allegation of exclusive rights to manufacture or sell a *particular company's* products embodying a patent is categorically different from an allegation of exclusive rights to manufacture or sell *all products* embodying a patent. The former merely involves one subset of possible embodiments of the patent—and thus does not constitute the grant of one of the exclusionary rights created by the Patent Act—while the latter amounts to a general right to exclude that qualifies the recipient as an exclusive licensee. That distinction was the foundation for the Federal Circuit's holding in *Mitutoyo*, where the court stated that an exclusive right to distribute a ***particular company's*** patented products was "not a sufficient basis for standing,"[3] *Mitutoyo*, 499 F.3d at 1291, and it was the basis for a court in this district concluding that a pleading was insufficient on standing grounds. *Heinz Kettler GMBH & Co. v. Razor USA*, *LLC*, 750 F. Supp. 2d 660, 664 (E.D. Va. 2010) ("an exclusive distributor is not entitled to co-plaintiff standing where it has only the exclusive right to sell a particular company's products incorporating the patents in suit").

---

[3] Plaintiffs' efforts to distinguish *Mitutoyo* miss the point. While the *Mitutoyo* court cited evidence that another company actually was licensed to sell the patented products, the relevant legal conclusion is that a license granting exclusive rights with respect to a particular company's patented products is ***not*** an exclusive license for standing purposes. GE's motion is a facial challenge to the sufficiency of the pleading (the challenge in *Mitutoyo*, in contrast, was a factual challenge where court reviewed evidence external to the pleadings). Since the allegations in Plaintiffs' Complaint plainly limit the HRM and HRC licenses to a particular company's products, the Complaint fails to plead facts sufficient to support standing as a matter of law.

Plaintiffs' allegation that HRM and HRC are the sole manufacturers and distributors, respectively, of "***Hill-Rom*** systems embodying [the Asserted Patents]," thus is simply not an allegation of an exclusive licensee relationship sufficient to confer standing as a matter of law.[4]

While Plaintiffs may wish that they had omitted the term "Hill-Rom" in paragraphs 10, 12, and 14 of the Complaint that they wrote, they choose to include it and it is as much a part of the Complaint as any other factual allegation. Moreover, Plaintiffs had the option to amend the pleading after GE put them on notice regarding its deficiencies prior to moving, but Plaintiffs declined.[5] Accordingly, the Court should likewise decline Plaintiffs' invitation to effectively amend the Complaint through the guise of "favorable construction," and should take the necessary next step—dismissal of HRC and HRM from the case.

## IV. Plaintiff's Allegation Regarding The Other Elements Of Standing Are Moot And Merit No Substantial Response

As pled, HRC and HRM are at best non-exclusive licensees and consequently are precluded as a matter of law from satisfying the injury-in-fact requirement for standing. *Sicom Sys.*, 427 F.3d at 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement."). Any economic injury that

---

4 Plaintiffs assert that GE argued that the Complaint failed to allege that HRM and HRC were exclusive licensees "because the Complaint used the word 'sole' to describe HRC and HRM's rights under the Asserted Patents." Opp. at 6. This is incorrect. GE did not argue that the use of "sole" was controlling, it simply noted (in a footnote) that, to the extent there were any differences between the terms "sole" and "exclusive," those differences weighed against standing.

5 As noted in the introduction, it is unclear if Plaintiffs could truthfully assert that the licenses to HRM and HRC cover anything beyond Hill-Rom systems in an amended pleading, because Plaintiffs have not produced the licenses themselves. At this stage, there is no basis for concluding that the averments in the pleading regarding the licenses are anything but true and, as a consequence, insufficient to confer standing.

HRM and HRC purportedly experience as a result of the alleged patent infringement, moreover, is insufficient to confer standing in the absence of an injury to a right granted by the Patent Act. *Ortho Pharm.*, 52 F.3d at 1031 ("economic injury alone does not provide standing to sue under the patent statute"). As a result, Plaintiffs' arguments with respect to the other elements of standing are simply moot and merit no attention from the Court.

Plaintiffs' arguments regarding Federal Rule of Civil Procedure 19 are similarly misdirected. As the first line of Plaintiffs' cited quotation on Rule 19 states, the Rule applies to those who "*can* be joined as party." *Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128, 1133 (Fed. Cir. 1995 (emphasis added)). Whether HRC and HRM are proper parties, however, is the very question raised by GE's Motion. Since the presence of standing is a threshold requirement for joinder, *Spine Solutions*, 620 F.3d at 1318 (joinder of plaintiff lacking standing was an abuse of discretion), neither Rule 19 nor the policies underlying it have any applicability here.

**V. Plaintiffs' Conflation Of The Three Distinct Plaintiffs Renders The Complaint Inadequate Once HRM And HRC Are Removed**

Finally, Plaintiffs devote a great deal of effort to contesting GE's request for dismissal of the entire complaint. The reality is that—regardless of the disposition of the Complaint as a whole—the claims of HRM and HRC must be dismissed for lack of subject matter jurisdiction for the reasons set forth above. Once that occurs, the Complaint as it stands now will be something of an absurdity, given Plaintiffs' persistent efforts to blur the distinctions between HRS, HRC, and HRM throughout the Complaint. The Complaint, for example, alleges "irreparable harm and damages including lost sales and profits" on the part of "Hill-Rom." Compl. ¶¶ 27, 34, 41. Nothing in in the Complaint, however, suggests that HRS—the only party with standing— has any sales or profits to lose, given the Complaint's express statement that "HRM manufactures Hill-Rom products" and "HRC sells and distributes Hill-Rom products."

Compl. ¶ 2. It is unclear, therefore, if these allegations of damages survive the dismissal of HRC and HRM. Thus, whether the Complaint is dismissed here or is subsequently dismissed or modified under other provisions of the Federal Rules such as Rule 12(b)(6), 12(e) or 12(f), the fact remains the Complaint as it stands now is inadequate to place Defendant on notice as to the substance of the allegations.

**CONCLUSION**

Had Plaintiffs simply amended the Complaint to cure its deficiencies when given the opportunity, or alternatively produced the relevant licenses, neither the parties nor the Court would need to devote time and resources to this issue. Plaintiffs instead decided to stand behind a Complaint that plainly fails to allege standing for two of the three plaintiffs. As a result, at a minimum, the claims of HRM and HRC must be dismissed.

DATED: June 30, 2014

Respectfully submitted,

By: */s/ Robert M. Tata*
Robert M. Tata (VSB #30101)
Wendy C. McGraw (VSB #37880)
Sonja Garrelts (VSB #83226)
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
Norfolk, VA 23510
(757) 640-5300
(757) 625-7720 *fax*
btata@hunton.com
wmcgraw@hunton.com

Brian E. Ferguson (*pro hac vice*)
Robert T. Vlasis III (*pro hac vice*)
Weil, Gotshal & Manges, LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
brian.ferguson@weil.com
robert.vlasis@weil.com

David J. Lender (*pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.lender@weil.com

*Attorneys for Defendant*
*General Electric Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen E. Noona, Esq.
Lauren Tallent Rogers, Esq.
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
senoona@kaufcan.com
ltrogers@kaufcan.com

J. Michael Showalter, Esq.
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
mshowalter@schiffhardin.com

Stacie R. Hartman, Esq. (*pro hac vice*)
A. Taylor Corbitt, Esq. (*pro hac vice*)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
shartman@schiffhardin.com
tcorbitt@schiffhardin.com

Stephen M. Haskins, Esq. (*pro hac vice*)
SCHIFF HARDIN, LLP
One Market
Spear Street Tower, Thirty-Second Floor
San Francisco, CA 94105
shankins@schifflardin.com

Samuel D. Almon, Esq. (*pro hac vice*)
SCHIFF HARDIN, LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA 30309
salmon@schiffhardin.com

*Attorneys for Plaintiffs Hill-Rom Company, Inc.*
*Hill-Rom Services, Inc. and Hill-Rom Manufacturing, Inc.*

*/s/ Robert M. Tata*
Robert M. Tata (VSB #30101)