IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



HILL-ROM COMPANY, INC., ET AL.,

    Plaintiffs

v.                                        CIVIL NO. 2:14cv187

GENERAL ELECTRIC COMPANY,

    Defendant.

### OPINION AND ORDER

This matter comes before the Court upon Hill-Rom Company, Inc., Hill-Rom Services, Inc., and Hill-Rom Manufacturing, Inc.'s ("Plaintiffs" or "Hill-Rom") Motion for Preliminary Injunction. ECF No. 8. For the reasons set forth herein, the Motion for Preliminary Injunction is **DENIED**. The matter has been fully briefed and the Court heard oral argument on the instant Motion on July 7, 2014, at which time the Court took the Motion under advisement to further consider the voluminous filings from both parties. The Motion is ripe for decision.

    I.    **LEGAL STANDARD**

The Federal Circuit has said that preliminary injunctions are a "drastic and extraordinary remedy" that should not routinely be used. Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1324 (Fed. Cir. 2004). There are four factors to consider when determining whether to grant a preliminary injunction in a patent infringement case: 1) likelihood of success on the merits; 2) irreparable harm; 3) the balance of hardships; and 4) the public interest. Celsis In Vitro, Inc. v. CellzDirect, Inc., 664 F.3d 922, 926 (Fed. Cir. 2012).

At the very least, the movant must establish the first two elements in order for the Court to issue a preliminary injunction. Anton/Bauer v. PAG, 329 F.3d 1343, 1348 (Fed. Cir. 2003).

1

Regarding the likelihood of success on the merits, a preliminary injunction "should not issue if the party opposing the injunction raises 'a substantial question concerning infringement or validity.'" Oakley Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1340 (Fed. Cir. 2003) (quoting Tate Access Floors, 279 F.3d 1357, 1365 (Fed. Cir. 2002)). A "substantial question" is one that the movant cannot prove lacks substantial merit. Id.

## II. DISCUSSION

The four factors this Court must consider weigh against granting a preliminary injunction in this case. The most salient of the factors in the present case is the second, concerning irreparable harm. The Court **FINDS** that the Plaintiffs have not made a sufficient showing that, without a preliminary injunction, they will suffer irreparable harm. General Electric Company ("GE") is a very large and well established corporation; any harm that Hill-Rom may suffer from GE manufacturing and selling its AgileTrac Hand Hygiene System ("AgileTrac") can be quantified and the Plaintiffs will be able to be made whole. There is no question that the Plaintiffs will be able to collect on a judgment, should they win one.

The Court further **FINDS** that Hill-Rom has not met its burden to show a likelihood of success on the merits, the other most critical factor. GE has raised substantial questions as to whether it has infringed the asserted patents in this case. Much ado, for example, was made over whether GE's AgileTrac system tracks workers' movement or only their present location (albeit very frequently). Claim 1 of patent number 6,727,818 ("the '818 patent") claims a system that determines "whether a person who has entered a patient contact zone has washed her hands since her most recent exposure to a contamination zone other than her current exposure to the patient contact zone." Exh. A to Cmpl., pg. 26, ECF No. 1-1 (emphasis added). In this sense, the '818 patent claims systems that record movement—or have "memory" of workers' prior locations—and use that information to determine hand hygiene compliance. GE represents that their system

does not track movement in this sense: AgileTrac apparently requires all workers to wash their hands when entering certain designated rooms, without any memory of their prior location or past hand-washing actions. Thus there is a substantial question about whether GE's system infringes the '818 patent on the movement, or "memory," claim alone.[1] Similar substantial questions have been raised by GE regarding the other two asserted patents. Thus, the factor regarding the likelihood of success on the merits weighs against granting a preliminary injunction.

Finally, the Court **FINDS** that the last two factors are neutral for Hill-Rom. In the balance of hardships, both companies could lose some sales—although it is hotly disputed how valuable those sales are, as well as how much hand hygiene tracking systems are driving them—but Hill-Rom, like GE, is a very large corporation and would be able to withstand a temporary loss which could be remedied with a money judgment. And although Hill-Rom represents that its hand hygiene tracking system could be installed in hospitals if GE is enjoined from continuing to support AgileTrac, there would inevitably be a delay and cost in doing so, which would potentially put current patients at higher risk of contracting disease from preventable healthcare associate infections; thus, the public interest does not clearly weigh in Hill-Rom's favor.

In sum, the two most important factors to consider—likelihood of success on the merits and irreparable harm—weigh against Hill-Rom, while the final two factors are somewhat neutral. The Court thus **FINDS** that a preliminary injunction in this situation would not be appropriate. However, in the interest of efficiency, the Court has set an expedited schedule for trial so that Hill-Rom can obtain whatever relief to which it is entitled, if any, as soon as reasonably possible.

---

[1] Conversely, if AgileTrac infringes the '818 patent, there is a substantial question about the patent's validity in light of the prior art identified by GE.

III. CONCLUSION

For the foregoing reasons, the instant Motion for Preliminary Injunction is **DENIED**. ECF No. 8.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
July 15, 2014