IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED

AUG - 6 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

HILL-ROM COMPANY, INC.,
HILL-ROM SERVICES, INC., AND
HILL-ROM MANUFACTURING, INC.,

      Plaintiffs,

          v.

GENERAL ELECTRIC COMPANY,

      Defendant.

CIVIL NO. 2:14cv187

## OPINION AND ORDER

This matter comes before the Court upon General Electric Company's ("GE" or "Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"). ECF No. 36. For the reasons set forth herein, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

### I.    PROCEDURAL BACKGROUND

The three plaintiff corporations, Hill-Rom Company, Inc. ("HRC"), Hill-Rom Services, Inc. ("HRS"), and Hill-Rom Manufacturing, Inc. ("HRM"), (collectively "Hill-Rom") filed suit against GE for patent infringement on May 2, 2014. Hill-Rom alleged that GE's AgileTrac Hand Hygiene Monitoring system—which GE has installed in a handful of hospitals, including one in Summerville, South Carolina—infringes three of HRS's patents. Mem. in Supp. of Pre. Inj. 5, ECF No. 9.

Hill-Rom filed a Motion for Preliminary Injunction on May 8, 2014. GE filed the instant Motion to Dismiss on June 9, 2014. After the motions were fully briefed, a hearing was held on both matters on July 7, 2014, at which time the Court took the Motion for Preliminary Injunction

1

under advisement[1] and directed that Hill-Rom file the relevant contracts between the three Hill-Rom plaintiffs regarding the patents asserted in this case, as well as tax information, to aid the Court in deciding the Motion to Dismiss. Hill-Rom made the requisite filings and the matter is now ripe for decision.

## II.   LEGAL STANDARD

Each party in a federal case must demonstrate standing, a jurisdictional prerequisite under Article III of the United States Constitution. Stauffer v. Brooks Bros., Inc., 619 F.3d 1321, 1325 (Fed. Cir. 2010). In order to have standing in a patent infringement suit, a party must have "a legally protected interest in the patent created by the Patent Act." Propat Int'l Corp. v. RPost, Inc., 473 F.3d 1187, 1193 (Fed.Cir.2007). There are two categories of parties that have such rights: patent owners and "exclusive licensees." Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1317 (Fed. Cir. 2010) ("It is well-settled that only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit; a non-exclusive licensee does not." (internal quotations and alterations omitted)).

A patent owner is either the patentee to whom the patent was issued, or else the assignee of all substantial rights in the patent. WiAV Solutions LLC v. Motorola, Inc., 631 F.3d 1257, 1264 (Fed. Cir. 2010). To be an exclusive licensee, a party must have the right to exclude other companies from manufacturing or selling products that embody the patent. Id. at 1264–65. Such a party has standing to sue. Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1031 (Fed. Cir. 1995) ("To have co-plaintiff standing in an infringement suit, a licensee must hold some of the proprietary sticks from the bundle of patent rights."). In contrast, parties that have "only a covenant from the patentee that it will not be sued for infringing the patent rights" are referred to as "bare" or "non-exclusive" licensees; such licensees do not have standing to sue, even as a co-

---

[1] The Motion for Preliminary Injunction was subsequently denied on July 15, 2014. ECF No. 69.

plaintiff with the patent owner. Propat, 473 F.3d at 1193; Morrow v. Microsoft Corp., 499 F.3d 1332, 1341 (Fed. Cir. 2007) ("This standing deficiency cannot be cured by adding the patent title owner to the suit.").

## III.  DISCUSSION

### A.  HRM AND HRC LACK STANDING AND MUST BE DISMISSED

The Complaint states that HRS "is the owner by assignment of all legal rights, title, and interest in and to" the asserted patents in this suit. Complaint ¶¶ 10, 12, 14, ECF No. 1. The agreements between HRS and the other two Hill-Rom plaintiffs explicitly state that the licenses granted to HRM and HRC are "non-exclusive." License Information, Ex. A § 2.2(n), Ex. B § 2.1(i), ECF No. 68. In fact, the next provisions in each license agreement guarantee that HRS has the "means, capacity and wherewithal to . . . maintain and enforce" the intellectual property assets being licensed—including the patents at issue in this case. Id., Ex. A § 2.2(o), Ex. B § 2.1(j). Finally, the agreements also clarify that HRS remains the owner of the patents, and that nothing in the agreements "should be construed to establish ownership in" HRM or HRC of any of the patents. Id., Ex. A § 6.14, Ex. B § 6.14.

The plain language of the Complaint and of the license agreements themselves forces the Court to conclude that HRM and HRC are bare licensees of the patents that HRS owns—despite Hill-Rom's current claims to the contrary, Decl. of Robert Macklin ¶ 4, ECF No. 68 ("Although the agreements with HRC and HRM use the term 'nonexclusive,' these agreements are in fact exclusive."). In other words, HRM may manufacture products embodying the asserted patents, and HRC may sell such products, but neither HRM nor HRC has a proprietary interest in the patents. They do not have the power to exclude third parties from manufacturing or selling products that embody the asserted patents. That right belongs to HRS, which remains free to license other companies to manufacture or sell products embodying the asserted patents.

Although Hill-Rom argues that HRM and HRC have standing to sue because the license agreements allow HRM and HRC to enforce the patents as co-parties and that HRS cannot settle litigation without their consent, Decl. of Robert Macklin ¶ 4, ECF No. 68, that argument must fail. A contract about litigation rights that does not also convey property rights in the patent cannot confer standing to sue in a patent case. See Propat, 473 F.3d at 1194.

As bare licensees, HRM and HRC lack standing to sue for patent infringement, even as co-plaintiffs with HRS, the undisputed owner of the asserted patents. Therefore, HRM and HRC must be dismissed from this case. To that extent, GE's Motion to Dismiss is **GRANTED**. ECF No. 36.

### B.    THE CASE MAY PROCEED WITH HRS AS SOLE PLAINTIFF

GE further contends that, although HRS has standing to sue, the Complaint in this case must be dismissed once HRM and HRC are no longer parties to the suit. GE argues that this is so because the Complaint only refers generally to damages sustained by "Hill-Rom" without specifying how HRS would be harmed by GE's alleged infringement, leaving it inadequate. The Court, however, **FINDS** that the suit may proceed.

In response to the Court's inquiries at the July 7 hearing, Robert L. Macklin, HRS's Vice President, Associate General Counsel, and Assistant Secretary, stated in a sworn declaration that HRS, HRM, and HRC all file a single consolidated tax return. Decl. of Robert Macklin ¶ 2. However, HRS still may not sue to recover damages in the form of lost profits suffered by HRM or HRC. Poly-Am., L.P. v. GSE Lining Tech., Inc., 383 F.3d 1303, 1311 (Fed. Cir. 2004) (noting "the inability of the patent holder to claim the lost profits of its non-exclusive licensee" as damages). This is true regardless of their "sister corporation" status or whether they operate "as a single economic unit" with a "unity of interest" in selling their products. Id. at 1310. To the extent that HRS seeks damages for the lost profits of either HRM or HRC, they may not do so as

4

a matter of law. But see Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1367 (Fed. Cir. 2008) (holding that because the facts did not support the plaintiff's contention that lost profits from its wholly-owned subsidiary "flowed inexorably" to it, the plaintiff could not recover lost profits suffered by the subsidiary). HRS will have to prove at trial any lost profits it suffered itself, or else recover under some theory.

Even though, at least on the preliminary record as it now stands, HRS may not be able to recover lost profits, the Complaint seeks other forms of relief and so it need not be dismissed. In addition to injunctive relief, Hill-Rom asks for damages under 35 U.S.C. § 284. Compl. 12, ECF No. 1. That statute states: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer . . . ." 35 U.S.C. § 284. While lost profits are one form of adequate damages, a reasonable royalty is another form of damages that HRS can recover even if it did not lose any profits. The case will proceed, and in the course of discovery and trial the parties will no doubt argue about what form of damages are most appropriate. To the extent that GE seeks to dismiss the Complaint as inadequate, its instant Motion is **DENIED**. ECF No. 36.

## IV.   CONCLUSION

GE's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Hill-Rom Manufacturing, Inc., and Hill-Rom Company, Inc., are hereby **DISMISSED** as parties in this case. The case will proceed with Hill-Rom Services, Inc., as the sole Plaintiff.

Further, Hill-Rom's unopposed Motion to Seal portions of the declaration of Adam McMullin is **GRANTED** pursuant to Local Rule 5(c). ECF No. 55.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

IT IS SO ORDERED.

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
August ___, 2014