**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| HILL-ROM SERVICES, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>                      Defendant. | Case No. 2:14-CV-187-RGD-LRL<br>(Hon. Robert G. Doumar)<br><br>JURY TRIAL DEMANDED |

**GENERAL ELECTRIC COMPANY'S ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, General Electric Company ("GE"), by and through its undersigned counsel, hereby respectfully responds to the May 2, 2014, Complaint (the "Complaint") filed by Hill-Rom Company, Inc., Hill-Rom Services, Inc., and Hill-Rom Manufacturing, Inc. (collectively, "Plaintiff")[1] as follows:

## I. ANSWER

### GENERAL DENIAL

Unless expressly admitted below, GE denies each and every allegation set forth in the Complaint. GE further specifically responds to the allegations asserted by Plaintiff in the paragraphs below, which correspond to the paragraph numbers of the Complaint.

### NATURE OF THE ACTION

1.       GE admits that Plaintiff purports to have brought an action for patent infringement. GE admits that it has developed a system to record, measure, and report hand-

---

[1] On August 6, 2014, the Court dismissed Hill-Rom Company, Inc. and Hill-Rom Manufacturing, Inc. as plaintiffs in this case. *See* D.E. 81. Thus, GE answers the Complaint as to Hill-Rom Services, Inc. only.

washing data in a facility, but denies that this system was invented by Plaintiff and further denes that its system infringes in any way any valid and enforceable claim of the asserted patents. GE denies that is has committed any wrongdoing or acts of infringement, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, in this or any other judicial district. GE denies that Hill-Rom, as it is collectively defined in the Complaint, owns the asserted patents. GE denies that it is "actively marketing" its system to Hill-Rom's customers. GE denies that Hill-Rom is entitled to any damages or injunctive relief. Except as specifically admitted, GE denies any and all remaining allegations in Paragraph 1.

### PARTIES AND JURISDICTION

2. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them on that basis.

3. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them on that basis.

4. GE admits that GE Healthcare ("GEH") is an operating division of GE, and that GE is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut, 06828. GE admits that it acquired Agility Healthcare Solutions in 2008 but denies that the accused system infringes in any way any valid and enforceable claim of the asserted patents. GE admits that its registered agent for the Commonwealth of Virginia is located in Glen Allen, but notes that the correct address is 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060. GE further notes that the correct address for GEH is 4701 Cox Road, Suite 300, Glen Allen, Virginia, 23060. Except as expressly admitted herein, GE denies the allegations of Paragraph 4.

5. GE admits that the Complaint purports to set forth a civil action for patent infringement brought under the patent laws, 35 U.S.C. §§ 101 *et seq.*, and that the Complaint alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). GE denies any wrongdoing or liability for the reasons stated herein. Except as expressly admitted herein, GE denies the allegations of Paragraph 5.

6. GE admits that it conducts business in the State of Virginia and that this Court has personal jurisdiction over GE. GE further admits that it has marketing and sales personnel for the accused system in this judicial district. GE denies the remaining allegations of Paragraph 6 of the Complaint.

7. GE admits that venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), but denies that it has committed any acts of infringement within this District. Except as expressly admitted herein, GE denies the allegations of Paragraph 7.

### THE PATENTS-IN-SUIT

8. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them on that basis.

9. GE admits that the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,727,818 ("the '818 Patent") on April 27, 2004, and that Timothy Wildman, Dennis Gallant, and Phill Hausman are the inventors listed on the face of the '818 Patent. GE admits that Exhibit A to the Complaint purports to be a copy of the '818 Patent entitled "Hygiene Monitoring System." GE denies that the '818 Patent was legally issued. Except as expressly admitted herein, GE denies the allegations of Paragraph 9.

10. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them on that basis.

11. GE admits that the USPTO issued U.S. Patent No. 8,368,544 ("the '544 Patent") on February 5, 2013, and that Timothy Wildman, Dennis Gallant, and Phill Hausman are the inventors listed on the face of the '544 Patent. GE admits that Exhibit B to the Complaint purports to be a copy of the '544 Patent entitled "Hygiene Monitoring System." GE denies that the '544 Patent was legally issued. Except as expressly admitted herein, GE denies the allegations of Paragraph 11.

12. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them on that basis.

13. GE admits that the USPTO issued U.S. Patent No. 7,408,470 ("the '470 Patent") on August 5, 2008, and that Timothy Wildman, Dennis Gallant, and Phill Hausman are the inventors listed on the face of the '470 Patent. GE admits that Exhibit C to the Complaint purports to be a copy of the '470 Patent entitled "Hygiene Monitoring System." GE denies that the '470 Patent was legally issued. Except as expressly admitted herein, GE denies the allegations of Paragraph 13. GE further notes that on July 11, 2014, Hill-Rom represented that it is no longer asserting the '470 Patent in this case.

14. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them on that basis.

## RESPONSE TO COUNT I
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,727,818)

15. GE hereby incorporates by reference its responses to Paragraphs 1-14 of the Complaint.

16. GE denies the allegations in Paragraph 16 of the Complaint. GE further notes that on July 11, 2014, Hill-Rom represented that it was asserting the following claims of the '818 Patent: 1-3, 5, 10, 12-15, 37, 43-45, 47, 52, and 54-56. GE's answer to the complaint applies

4

equally to all asserted claims, both as originally asserted and as subsequently modified by Hill-Rom.

17. GE admits that GEH has developed, sold, and offered for sale the AgileTrac® Hand Hygiene system. GE admits that this system includes hardware components that can communicate with software and can generate reports. GE otherwise denies the allegations in Paragraph 17 of the Complaint.

18. GE denies that Plaintiff has accurately recited the limitations of the '818 Patent and otherwise lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them on that basis.

19. GE denies the allegations in Paragraph 19 of the Complaint.

20. GE admits that Paragraph 20 purports to recite the steps of claim 37 of the '818 Patent. GE lacks sufficient information or knowledge to form a belief as to the truth of any remaining allegations of Paragraph 20, and therefore denies them on that basis.

21. GE denies the allegations in Paragraph 21 of the Complaint.

22. GE admits that Paragraph 22 purports to recite requirements of certain of the asserted claims of the '818 Patent and otherwise lacks sufficient information or knowledge to form a belief as to the truth of any remaining allegations of Paragraph 22, and therefore denies them on that basis.

23. GE denies the allegations in Paragraph 23 of the Complaint.

24. GE denies the allegations in Paragraph 24 of the Complaint.

25. GE denies the allegations in Paragraph 25 of the Complaint.

26. GE admits that it had knowledge of the '818 Patent since before this lawsuit but otherwise denies the remaining allegations in Paragraph 26 of the Complaint.

27. GE denies the allegations in Paragraph 27 of the Complaint.

## RESPONSE TO COUNT II
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,368,544)

28. GE incorporates by reference its responses to Paragraphs 1-27 of the Complaint.

29. GE denies the allegations in Paragraph 29 of the Complaint. GE further notes that on July 11, 2014, Hill-Rom represented that it was asserting the following claims of the '544 Patent: 1, 5, 7 and 12. GE's answer to the complaint applies equally to all asserted claims, both as originally asserted and as subsequently modified by Hill-Rom.

30. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them on that basis.

31. GE denies the allegations in Paragraph 31 of the Complaint.

32. GE denies the allegations in Paragraph 32 of the Complaint.

33. GE denies the allegations in Paragraph 33 of the Complaint.

34. GE denies the allegations in Paragraph 34 of the Complaint.

## RESPONSE TO COUNT III
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,408,470)

35. GE incorporates by reference its responses to Paragraphs 1-34 of the Complaint.

36. GE denies the allegations in Paragraph 36 of the Complaint. GE further notes that on July 11, 2014, Hill-Rom represented that it was no longer asserting any claims of the '470 Patent. GE nonetheless responds to Hill-Rom's allegations as presented in the complaint.

37. GE lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies them on that basis.

38. GE denies the allegations in Paragraph 38 of the Complaint.

39. GE denies the allegations in Paragraph 39 of the Complaint.

40. GE denies the allegations in Paragraph 40 of the Complaint.

41. GE denies the allegations in Paragraph 41 of the Complaint.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

GE denies that the Plaintiff is entitled to any of the relief sought in its prayer for relief, including the relief requested in Paragraphs (a) through (f). GE has not infringed the '818 Patent, the '544 Patent, or the '470 Patent (collectively, "the Asserted Patents"), either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise. Plaintiff is not entitled to any relief, including recovery of statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, supplemental, or any other type of recovery from GE. Plaintiff's prayer should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

### DEMAND FOR JURY TRIAL

GE does not object to a trial by jury on all issues so triable.

### II. ASSERTED DEFENSES

In addition to the defenses asserted below, GE expressly reserves the right to allege additional defenses—including but not limited to allegations of inequitable conduct—as they become known through the course of discovery.

### FIRST ASSERTED DEFENSE – FAILURE TO STATE A CLAIM

1. Plaintiff has failed to state a claim for which relief can be granted because GE has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiff.

**SECOND ASSERTED DEFENSE - NONINFRINGEMENT**

2. GE does not infringe, and has not infringed, any claim of U.S. Patent No. 6,727,818 directly, indirectly, contributorily, or by inducement, or in any way, either literally or under the doctrine of equivalents, willfully or otherwise.

3. GE does not infringe, and has not infringed, any claim of U.S. Patent No. 8,368,544 directly, indirectly, contributorily, or by inducement, or in any way, either literally or under the doctrine of equivalents, willfully or otherwise.

4. GE does not infringe, and has not infringed, any claim of U.S. Patent No. 7,408,470 directly, indirectly, contributorily, or by inducement, or in any way, either literally or under the doctrine of equivalents, willfully or otherwise.

5. GE hereby incorporates by reference its August 1, 2014, responses to Hill-Rom's interrogatories,

**THIRD ASSERTED DEFENSE - INVALIDITY**

6. All asserted claims of U.S. Patent No. 6,727,818 are invalid for failing to meet the requirements of the following sections of Title 35 of the U.S. Code: 35 U.S.C. §§ 101, 102 (a)-(g), 103, and/or 112.

7. All asserted claims of U.S. Patent No. 8,368,544 are invalid for failing to meet the requirements of the following sections of Title 35 of the U.S. Code: 35 U.S.C. §§ 101, 102 (a)-(g), 103, and/or 112.

8. All asserted claims of U.S. Patent No. 7,408,470 are invalid for failing to meet the requirements of the following sections of Title 35 of the U.S. Code: 35 U.S.C. §§ 101, 102 (a)-(g), 103, and/or 112.

9. GE hereby incorporates by reference its August 1, 2014, responses to Hill-Rom's interrogatories, and GE's August 11, 2014, supplemental responses.

### FOURTH ASSERTED DEFENSE – LACK OF IRREPARABLE HARM

10. Plaintiff is not entitled to any injunctive relief because any alleged injury is not immediate or irreparable, and there is an adequate remedy at law to the extent any remedy is required.

### FIFTH ASSERTED DEFENSE – EQUITABLE DOCTRINES

11. Plaintiff is barred from asserting the Asserted Patents against GE, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### SIXTH ASSERTED DEFENSE – PROSECUTION HISTORY ESTOPPEL

12. Plaintiff is estopped from construing the claims of the Asserted Patents in such a way as to cover GE's products, processes, or acts by reason of statements made to the USPTO during the prosecution of the applications that led to the issuance of the Asserted Patents and the related applications.

### SEVENTH ASSERTED DEFENSE – LACK OF NOTICE

13. To the extent Plaintiff seeks damages for alleged infringement prior to giving actual or constructive notice of the Asserted Patents to GE, Plaintiff's claim for damages is barred, in whole or in part, for the failure to comply with 35 U.S.C. § 287.

### EIGHTH ASSERTED DEFENSE – STATUTE OF LIMITATIONS

14. To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this action, the relief sought is barred by 35 U.S.C. § 286.

### NINTH ASSERTED DEFENSE – PATENT EXHAUSTION/IMPLIED LICENSE

15. The relief sought by Plaintiff is barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

### PRAYER FOR RELIEF

GE respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. That Plaintiff take nothing and its claims for patent infringement be dismissed with prejudice;

b. That judgment be entered in GE's favor against Plaintiff on Plaintiff's claims for patent infringement;

c. An Order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

d. An award to GE of its costs and attorneys' fees incurred in this action; and

e. An Order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

DATED: August 15, 2014          Respectfully submitted,

By:/s/ Stephen Bosco
Robert M. Tata (VSB #30101)
Wendy C. McGraw (VSB #37880)
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
Norfolk, VA 23510
(757) 640-5300 *phone*
(757) 625-7720 *fax*
btata@hunton.com
wmcgraw@hunton.com

Brian E. Ferguson (*pro hac vice*)
Robert T. Vlasis III (*pro hac vice*)
Stephen P. Bosco (VSB #86129)
Weil, Gotshal & Manges, LLP
1300 Eye Street, N.W., Suite 900

Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
brian.ferguson@weil.com
robert.vlasis@weil.com
stephen.bosco@weil.com

David J. Lender (*pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facisimile: (212) 310-8007
david.lender@weil.com
*Attorneys for Defendant*
*General Electric Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2014, the foregoing document has been served on all counsel of record via electronic mail.

*/s/ Stephen P. Bosco*
Stephen P. Bosco